JOHN W. WHITEFORD v. ARCHIBALD J. HITCHCOCK AND JAMES MERNAN.

*Contract—Meeting of minds of parties—Terms of payment.*

In this case it is held that the minds of the parties never met in a *completed* contract for the sale of plaintiff's vessel, for an alleged breach of which this suit is brought, the terms of payment not being agreed upon.

Error to Missaukee.    (Aldrich, J.)    Argued February 7, 1889.    Decided February 15, 1889.

*Assumpsit.* Defendants bring error. Reversed, without a new trial.    The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellants.

*F. O. Gaffney (S. S. Fallass,* of counsel), for plaintiff.

MORSE, J.    This suit was brought to recover damages for the breach of an alleged contract for the sale of a boat.    The plaintiff recovered judgment in the Missaukee circuit court for the sum of $133.15.

The evidence of the contract was this:    On or about July 10, 1887, the plaintiff, who lived at Lake City, had a talk at that place with the defendant Hitchcock. Hitchcock asked him what he would take for his boat. Plaintiff told him he would take $800 for it there on the

dock. Hitchcock said he would give $900 if plaintiff would deliver it at Muskegon. He gave plaintiff his address and went away. Plaintiff afterwards wrote defendants the following letter:

"LAKE CITY, MICH., July 15, 1887.
"MESS. HITCHCOCK & MERNAN,
"Muskegon, Michigan.

"*Dear Sirs*: I will deliver the steam-boat on the cars in Muskegon for the price agreed upon, $900, if you will unload it there. As you are strangers to me, i would want you to deposit the money in the bank of D. A. Blodgett, at Cadillac, subject to my order, when the boat is delivered on cars, or in some way secured before the boat is shipped from here. Please let me hear from you at once, and oblige, Yours respectfully,
"JOHN W. WHITEFORD·"

He received the following reply:

"MUSKEGON, MICH., July 18, 1887.
"JOHN W. WHITEFORD, ESQ.,
"Lake City, Michigan.

"*Dear Sir:* Your letter of the 15th inst. is at hand, and contents noted. We will give you $900 for your boat delivered in Muskegon lake. We will unload the boat, and charge the same to you. We will secure your pay on delivery of the boat in this city. If you accept this proposition, telegraph us at once, as Mr. Mernan has been looking at another boat.
"Yours very truly,
"HITCHCOCK & MERNAN."

Upon the receipt of this letter he at once telegraphed as follows:

"LAKE CITY, MICH, July 19, 1887.
"MESS. HITCHCOCK & MERNAN,
"Muskegon, Michigan :

"Will send boat on G. R. & I. this week. Be in Muskegon first next week. Will come myself.
"J. W. WHITEFORD."

This telegram was not personally delivered. The defendants living in North Muskegon, the message, when

74 MICH—.14

received by the telegraph operator at Muskegon, was mailed to defendants at the former place. The defendants did not receive it until some days afterwards. The plaintiff claimed that, after sending the dispatch, he commenced loading the boat, and was to a large expense in getting it out of the water. He did not deliver the boat because he received the following telegram from them :

"MUSKEGON, MICH., July, 1887.
"J. W. WHITEFORD, ESQ.,
              "Lake City, Mich.:
"We did not receive your dispatch until Saturday, so have made other arrangements.
                        "HITCHCOCK & MERNAN."

He sent them another dispatch, and received the following letter in reply:

"MUSKEGON, MICH., July 26, '87.
"JOHN W. WHITEFORD, ESQ.,
              "Lake City, Mich.
"*Dear Sir:* Your dispatch of the 25th inst. came duly to hand. In answer, we wish to say that when we wrote you that we would take the steam-boat at $900, delivered in Muskegon lake, we asked you to telegraph us if you accepted the offer, because we were about to enter into other business relations, and wanted to know at once if you accepted our offer. You telegraphed on Tuesday, July 19, and the dispatch was not delivered until Saturday night, and we had, of course, concluded that you had not accepted our offer, and we are therefore under the necessity of refusing to take the boat. We are exceedingly sorry, but we see no redress for you but to look to the G. R. & I. Telegraph Company for damages for not delivering your message.
                        "Yours respectfully,
                        "HITCHCOCK & MERNAN."

We think the court erred in holding that a contract was established between the parties. It will not be necessary to inquire into the rulings of the court upon

the subject of damages. We are all agreed that the plaintiff had no cause of action. The minds of the parties did not meet in a completed contract. In the letter of plaintiff he required as a part of the arrangement that defendants should deposit the purchase price of the boat in Blodgett's bank at Cadillac before the boat should be delivered on the cars, or the price in some way be secured before it was shipped from Lake City. The defendants in their letter agree to take the boat at the price named by plaintiff, but they do not propose to secure the payment of the same until it is delivered. They, in effect, refuse his proposition, and make him one, and request him, if he accepts it, to telegraph at once, as they have been looking at another boat. It will be noticed that in his telegram the plaintiff does not accept their offer in so many words. He wires them that he will send boat that week, and he will be in Muskegon first of the next week. Suppose that he had shipped the boat to Muskegon, and had required, after he got there, the money for his boat, or security before he delivered it, or that the security offered by them had not been satisfactory to him, could the defendants, upon this correspondence, have maintained an action against him for breach of contract if he had refused to deliver it because they would not pay or secure the pay for it before delivery, or because the security offered by them did not suit him? We think not. The minds of the parties had not met upon the terms of payment, and the contract was not completed in this respect.

The judgment of the court below is reversed, and with costs of both courts. We see no necessity for a new trial.

The other Justices concurred.