## Omer C. Bowen v. John McCarthy.

*Specific performance—Contract by correspondence—Reasonable
time—Tender.*

1. To complete a contract by correspondence for the purchase of
land, the proposed purchaser must within a reasonable time
accept the offer of the owner, and perform the conditions
imposed; and an answer not in compliance with such offer may
be disregarded by the owner without notice to the proposed
purchaser.
2. The owner of land who, in answer to a letter from a proposed
purchaser, makes an offer of sale, is under no legal obligation
to withdraw it after the expiration of a reasonable time for
its acceptance; nor will a full tender of performance of the
terms of such proposed sale, after the expiration of such reason-
able time, change the legal rights of the parties.

Appeal from Schoolcraft. (Steere, J.) Argued January
23, 1891. Decided February 27, 1891.

Bill for specific performance of land contract. Com-
plainant appeals. Decree dismissing bill affirmed. The
facts are stated in the opinion.

*W. F. Riggs,* for complainant.

*F. O. Clark* and *John Power,* for defendant.

Grant, J. This is a suit for the specific performance
of a land contract.

Complainant, at the time of the transaction, lived in
Manistique, Mich., the defendant in Menekaunee, Wis.
Defendant was the owner of the land in question, being
a village lot in Manistique, situated next to the lot on
which complainant resided. Complainant, being desirous
to purchase, wrote to defendant to ascertain if he would

sell, and upon what terms. Defendant sent the follow-
ing reply:

"MENEKAUNEE, April 4, 1890.
"DR. O. C. BOWEN,—
　"*Dear Sir:* Your letter of recent date at hand, and
contents noted. In reply will say you can have the lot
which I bought of Mr. Riggs, if you want it, for just
even eight hundred dollars. Remit to me the amount I
paid him down on the place, and fifty dollars besides,
and step right into my place in the agreement and terms
made with Riggs. 　＊　＊　＊　Please let me hear from
you as soon as convenient.
"Yours truly,
"JOHN McCARTHY."

Upon receipt of this letter, which complainant did not
answer except through the letter sent by Mr. Riggs, and
hereinafter set forth, complainant went to Mr. Riggs, from
whom he ascertained that McCarthy had bought the lot
of him, had paid $375, and the balance due was $375,
with interest. Complainant thereupon employed Mr.
Riggs to make out a deed and forward to defendant.
Mr. Riggs sent a deed with the following letter:

"MANISTIQUE, MICH., April 8, '90.
"JOHN McCARTHY, Esq.,—
　"*Dear Sir:* Within I send deed for you to execute
and return to me or to the bank here, when Dr. Bowen
will pay you what you paid me and fifty dollars extra,
which is in all $425, and will assume and pay the mort-
gage now held by me. If you take the acknowledgment
in Wisconsin, you must have clerk's certificate. This is
written at the request of Dr. Bowen.
"Yours, etc.,
"W. F. RIGGS.
"You might return this letter with the deed to the
bank, which will fully explain all."

Defendant did not reply to this letter. Sometime after-
wards he went to Manistique. Complainant and Mr.
Riggs testify that they asked him why he did not exe-

cute the deed and return it, and that he replied that his wife would not sign the deed, and gave as the reason that she wanted to come to Manistique. On May 8, 1890, complainant tendered defendant $425, and demanded that he fulfill the agreement contained in his letter. Defendant declined to accept the money and give the deed, and complainant thereupon filed this bill.

1. We think it clear that complainant is not entitled to the relief sought. The terms of the letter of defendant were plain and unequivocal. To have made the contract, complainant should within a reasonable time have notified defendant of his acceptance, and should have remitted the money. Defendant was under no obligation to execute or send the deed until he had received the money. Very good reasons might exist for defendant's insisting upon receiving the money at Menekaunee before executing and delivering the deed, rather than to have it become a debt due from complainant after the delivery of the deed, or to have it deposited in the bank. Be that as it may, complainant was not entitled to his deed until he had remitted the money or defendant had waived it. The letter of Mr. Riggs not being in compliance with the terms of defendant's letter, he had a right to disregard it. Nor was it his duty to notify complainant. *Whiteford v. Hitchcock,* 74 Mich. 208.

2. It is wholly immaterial whether his wife declined to execute the deed, or whether he gave that as the reason. If that were the true reason, it did not operate as a waiver of any of the conditions of defendant's letter. It did not prejudice complainant. Complainant knew nothing about it until after a reasonable time for compliance had expired. If complainant had remitted the money she might have consented to execute the deed.

3. It is insisted that the complainant had shown acts

of acceptance; but none of these acts are shown to have been known to defendant. Complainant had made arrangements with Riggs for the discharge of his mortgage, and had executed to him notes for the amount which was unpaid upon the purchase price from McCarthy to Riggs. Riggs executed a discharge of the mortgage at complainant's request. This discharge was never recorded, defendant's notes to Riggs were never surrendered by him either to complainant or defendant, and complainant's notes to Riggs were never paid. Under these circumstances the notes given by defendant to Riggs are not paid, and as to Mr. Riggs the mortgage given to him by defendant is not discharged. These acts, therefore, are of no consequence in determining the question here involved.

4. It is next insisted that defendant did not withdraw his offer before the final and full tender was made. No legal obligation rested upon him to withdraw the offer after the expiration of the reasonable time within which complainant should have accepted. It is not disputed but that such reasonable time had expired at the time of the tender.

We find no error upon the record, and the decree of the court below is affirmed, with costs.

The other Justices concurred.