The action below was for damages for breach of contract. Plaintiffs in error were defendants below and defendants in error plaintiffs below.
The cause w.as submitted to the court (a jury having been waived) .and in due course judgment was rendered for plaintiffs below (defendants in error), for the amount claimed, seventeen hundred dollars and interest.
Plaintiffs in error seek to reverse said judgment, and it is contended that the court erred with reference to its conclusions as to what constituted the terms of the contract, the construction 'of the contract; and further, that the verdict or judgment of the court was against the weight of the evidence.
Upon reviewing all the correspondence and the evidence in the case we agree with the court below that on May 23, 1899, the contract was made, notwithstanding the words, “see letter today” in the telegram, together with the request contained in the letter that salt be shipped to Williams of Memphis. The request as *509 made did not inject any new term, nor was it a counter offer. It was in effect the asking of a business favor, a request on an immaterial matter, and did not vary the offer. See 1 Page on Contracts, p. 79, ,and eases cited.
Of course, where an attempted acceptance varies the terms of the offer as to some material matter, or where the acceptance is qualified, there can be no contract, for it is elementary that the offer must be accepted in the precise terms as made.
In the case at bar it will be noted the request to ship to Williams of Memphis instead of plaintiffs at Memphis made no change in the place of delivery, nor did it 'change the parties to the contract or the liability. On the contrary, plaintiffs expressly stated that they were the buyers, gave business reasons for the request as made, and stated clearly that they (plaintiffs) were responsible.
Under such circumstances cases wherein it has been held that there was no contract because the alleged acceptance was qualified or attempted to vary the offer on a material matter can have no application. In this class belong Whiteford v. Hitchcock, 74 Mich., 208, 211; Baker v. Holt, 56 Wis., 100, 103.
The contract as made by these parties was not indefinite either as to quantity of salt ordered or as to time of delivery. It was a contract to furnish five or six thousand barrels of salt (amount at the option of defendant) at Memphis within a reasonable time, and was one for river transportation. It was not dependent on the convenience of the Barrett Transportation Company, and all claim that it was must certainly yield to Smith’s express declaration (letter May 22) wherein he says: “We take the chances of engaging freight from Barrett line barges. ’ ’
Although defendant had a reasonable time within which to ship, this meant reasonable time with reference to the then Axiat.i-ng conditions. The court below, to whom the cause was submitted without the intervention of a jury, found that defendant did not ship within a reasonable time nor within the extensions granted, although the testimony tended to show that within such times there was an adequate stage of water, and as there was evidence upon which to justify the finding, we can *510 see no ground upon which, we can disturb the verdict. The judgment must therefore be affirmed and it is so ordered.