Argued December 19, 1911, decided February 6, 1912.

# MOSSIE *v.* CYRUS.

[119 Pac. 485: 119 Pac. 624.]

FRAUDS, STATUTE OF—SALE OF REALTY—SUFFICIENCY OF MEMORANDUM.

1.  To satisfy the statute of frauds, the memorandum of a contract to sell land must contain all of the essential terms of the contract, and hence must definitely show the parties, their intention and relation to each other, as, who is the seller and buyer.

SPECIFIC PERFORMANCE — SUFFICIENCY OF CONTRACT — CONTRACT OR OPTION.

2.  An instrument, signed by defendant, witnessing that she thereby agreed to sell to E. and plaintiff, "or either of them," the described land for a certain sum, was not a memorandum of an agreement of sale sufficient to authorize specific enforcement, since it showed no purchaser, being at most an offer to sell to either of the persons named at a certain price.

VENDOR AND PURCHASER—OPTIONS—EXCEPTIONS.

3.  If no time is fixed within which an offer to sell land must be accepted, it remains open a reasonable time, or until withdrawn.

VENDOR AND PURCHASER—OPTIONS—CONSIDERATION.

4.  An option to purchase land, if not supported by a consideration, is not binding, unless accepted before withdrawn, though, if accepted before withdrawn, the price named in the contract would constitute its consideration.

VENDOR AND PURCHASER—OPTIONS—CONSIDERATION—CONSTRUCTION OF OPTION.

5.  An instrument, signed by defendant, recited that she agreed to sell to E. and plaintiff, "or either of them," certain described property for a named consideration, "the receipt of forty-five dollars of which is hereby acknowledged." *Held,* that the $45 was received as part of the price, and not as consideration for the option, which the instrument in effect was.

VENDOR AND PURCHASER—SEALED CONTRACTS.

6.  A seal, affixed to a signature of one executing an option to purchase land, was only *prima facie* evidence of a consideration for the option.

VENDOR AND PURCHASER—CONDITIONS—TERMINATION.

7.  If an option to purchase land is not accepted within a reasonable time, it is terminated, though no notice is given the vendee of its withdrawal.

VENDOR AND PURCHASER—OPTIONS.

8.  The tender of the purchase price, under an option to purchase land, should be at the place where the option was executed.

VENDOR AND PURCHASER—OPTIONS—TIME OF ACCEPTANCE.

9. Where an option to purchase land was executed at the purchaser's solicitation for a speculative purpose, without providing any time for acceptance, an acceptance more than ten months after its execution was not within a reasonable time; the offer contemplating prompt acceptance.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by Eber D. Mossie against Mary Cyrus to enforce the specific performance of an agreement for the sale of real property. There was a decree in the lower court for defendant and plaintiff appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. William P. Lord, Jr.,* and *Mr. Walter C. Winslow.*

For respondent there was a brief with oral arguments by *Mr. Alva O. Condit* and *Mr. George G. Bingham.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit for specific performance of an agreement for the sale of land. The memorandum of the agreement is as follows:

"Sisters, Oregon, June 29, 1908.

"Witnesseth, that I, Mary Cyrus, do hereby covenant and agree to sell to Osburn Edwards and Eber D. Mossie, or either of them, the following described real property, to wit: Thirty lots, now belonging to me, situated in Brooklyn Addition, in the city of Salem, county of Marion, State of Oregon, for the consideration of seven hundred dollars ($700) the receipt of forty-five dollars ($45) of which is hereby acknowledged. I also agree to give abstract of title and warranty deed to said lands.

"Witness my hand and seal.

(Seal.)                 "MARY CYRUS.

"Witnesses: M. R. Nerll, J. B. Adams."

It is alleged in the complaint that on August 23, 1908, defendant attempted to withdraw from and annul the contract, and duly notified plaintiff of such withdrawal; that on May 8, 1909, plaintiff duly tendered the purchase price to defendant, and demanded a con-

veyance of the property to him. Defendant admits the signing of the writing, and that she refused to convey the property to plaintiff, but denies the other allegations of the complaint.

1. 2. Although the complaint alleges that the defendant entered into an agreement, whereby plaintiff agreed to buy and defendant to sell the lots, of which the writing is the evidence, the writing is not such a memorandum of an agreement as will answer the requirements of the statute of frauds. Such a memorandum must contain all the essential terms of the contract. It must be definite in respect to the intention of the parties; who they are, and their relation one to the other; who is the seller, and who is the buyer. See note to *Ruzicka* v. *Hotovy,* 72 Neb. 589,* in 9 Am. & Eng. Ann. Cas. 1060-1064. We need but to read the memorandum to see that it is not a memorandum of an agreement of sale. The defendant agrees to sell to Edwards and Mossie or either of them, thus indicating that there is no purchaser, but the offer was open to both or either. The most that can be claimed for the memorandum is that it was an offer by defendant to sell at a certain price.

3-6. There being no time fixed in which the offer might be accepted, it would remain open a reasonable time, or until withdrawn. If considered as an option, the effect is the same, unless there was a consideration for the option, and the evidence discloses that there was none. If the offer had been accepted within a reasonable time, and before withdrawn, the price of the lots ($700) would have constituted the consideration, and have completed the contract. The $45 mentioned in the offer was received as part of the price only, and not as consideration for the option. See *Friendly* v. *Elwert,* 57 Or. 599 (112 Pac. 1085). The seal affixed to the signature is

only *prima facie* evidence of consideration. *Olston* v. *Oregon Water Power & Ry. Co.*, 52 Or. 343, at page 349 (96 Pac. 1095: 97 Pac. 538: 20 L. R. A. [N. S.] 915).

7. On the other hand, conceding that the writing is an option given upon a consideration, no time for acceptance is provided; therefore it must have been accepted within a reasonable time. 9 Cyc. 291, 611; 29 Am. & Eng. Enc. Law (2 ed.) 600; *Stone* v. *Harmon*, 31 Minn. 512 (19 N. W. 88). And if the acceptance is not made within a reasonable time, the option is terminated, and without notice to the vendee of a withdrawal. 29 Am. & Eng. Enc. Law (2 ed.) 600; *Bowen* v. *McCarthy*, 85 Mich. 26 (48 N. W. 155).

In *Larmon* v. *Jordan*, 56 Ill. 208, it is said:

"So, if no time be limited, the offer, in the absence of evidence to the contrary, will be presumed to have been renewed every moment during a reasonable time, and no longer. If, therefore, there be no acceptance within a reasonable time, there can be no presumption of a meeting of minds, because there can be none of a continuance of the offer to the time of the acceptance."

8, 9. In this case it seems that Mossie was procuring the option for Edwards who was to pay the money; that within a few days or weeks after the writing was signed defendant called on Edwards to have the deal closed; that he refused to accept the offer, and she notified him that the offer was withdrawn, of which Mossie had notice; and that on August 23, 1908, plaintiff was directly notified that the offer was withdrawn. On May 8, 1909, plaintiff attempted to accept the offer by letter, in which he offered to pay the money at a bank in Salem, if the deed was sent there. But that is not a tender, nor an understanding to buy. The tender should have been made at Sisters, not at Salem. *Davis* v. *Brigham*, 56 Or. 41 (107 Pac. 961). Nor has any tender been made in court. If this letter of May 8, 1909, were a formal tender at Sisters, or an acceptance of the offer, it was not made within

a reasonable time.    More than 10 months had elapsed
since the offer, the terms of which were a present offer,
and contemplated an acceptance presently.    The offer
was made at plaintiff's solicitations, for speculation pur-
poses only, and should have been acted upon promptly.
The acceptance of the offer was not made within a reas-
onable time, and plaintiff is not entitled to specific per-
formance.

The decree is affirmed.                    AFFIRMED.

MR. JUSTICE BURNETT concurs in the result.

<hr>

Decided February 6, 1912.

ON MOTION FOR REHEARING.

[119  Pac.  624.]

Opinion by MR. CHIEF JUSTICE EAKIN.

Appellant urges that the court is in error in holding
that a seal affixed to a writing is only *prima facie* evi-
dence of a consideration.

We find it necessary to refer to this matter, as there
is an error in the citation of the authority upon which
we based the statement: "The seal affixed to the signa-
ture is only *prima facie* evidence of consideration."    The
citation should have been *Olston* v. *Oregon Water Power
& Ry. Co.,* 52 Or. 343, at page 349 (96 Pac. 1095: 97
Pac. 538: 20 L. R. A. [N. S.] 915), instead of *Catlin* v.
*Jones,* 52 Or. 337 (97 Pac. 546), where that question is
fully discussed and to which we adhere, and that decision
in no way conflicts with *Johnston* v. *Wadsworth,* 24 Or.
502 (34 Pac. 13).

It fully appears from the record that there was no
other consideration than the $45, mentioned in the agree-
ment, which was not consideration for the agreement,
but part of the price of the land, of which only $10 was
paid.

The motion is denied.

AFFIRMED: REHEARING DENIED.