## CLINE v. STRONG ET AL.

[No. 7,789.    Filed January 28, 1913.]

1. SPECIFIC PERFORMANCE. — *Contracts Enforceable.* — Courts of equity will decree the specific performance of a contract only when it is for an adequate consideration, and is in writing, certain and definite in all its provisions, fair and mutual in its terms, and is capable of being performed. p. 287.

2. SPECIFIC PERFORMANCE.—*Contract for Sale of Real Estate.— Sufficiency.—Right to Enforce.*—A letter from a real estate agency stating that it has, from the owner of certain real estate, an agreement to accept a certain sum for same, if taken on or before a certain date, that it was obtained after an offer made by the addressee, and that the agency would be glad to hold the offer open for the addressee's account until the date specified, together with the addressee's written acceptance, and the agency's receipt for one dollar as earnest money, does not constitute a contract capable of being specifically enforced in a court of equity, since it is uncertain as to terms and time of payment and assumption of liens, and is susceptible of being construed as merely an option.    p. 288.

3. SPECIFIC PERFORMANCE.—*Contracts Enforceable.*—In suits for specific performance, the equitable doctrine is that the enforcement must be mutual, and before a vendee is entitled to specific performance, the vendor must likewise be able to compel the acceptance of a deed and the payment of the stipulated consideration.    p. 290.

From Superior Court of Marion County (76,511) ; *Vinson Carter,* Judge.

Action by Benjamin F. Cline against Wendell M. Strong and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John O. Spahr, James A. Ross* and *Harding & Hovey,* for appellant.

*Whitcomb, Douden & Stout,* for appellees.

IBACH, C. J.—Appellant sued appellees to enforce the specific performance of a written contract for the sale of certain real estate located in the city of Indianapolis, and to compel the execution of a deed therefor. The amended complaint of one paragraph was tested by a demurrer, and held to be insufficient by the trial court. The ruling on this demurrer presents the only ground for contention here.

This is an equitable action, and in cases like this it has been uniformly held, and it is well understood, that courts of equity will decree a specific performance only

1. when the contract is in writing, is certain and definite in all its provisions, is fair and mutual in its terms, is for an adequate consideration, and is capable of being performed. In the case of *Colson* v. *Thompson* (1817), 2 Wheat. *336, 340, 4 L. Ed. 253, quoted by our Supreme Court in *Burke* v. *Mead* (1902), 159 Ind. 252, 257, 64 N. E. 880, the court announces the rule in this language: "The contract which is sought to be specifically executed, ought not only to be proved, but the terms of it should be so precise as that neither party could reasonably misunderstand them. If the contract be vague or uncertain, or the evidence to establish it be insufficent, a court of equity will not exercise its extraordinary jurisdiction to enforce it, but will leave the party to his legal remedy."

If we find that there is such certainty in the language of the writing relied on here as to leave the intention of the parties clear and definite respecting the substantial terms of the contract, and also the other necessary qualities are

found therein, then the case becomes one for specific performance, but if such contract is in any essential particular incomplete, uncertain or ambiguous, then it will not be specifically enforced in equity, and the party will be left to his legal remedy. If this were not the rule, courts might enforce precisely what the parties never intended or contemplated. See 6 Pomeroy, Eq. Jurisp. §764; *Van Dyke* v. *Norfolk, etc., R. Co.* (1911), 112 Va. 835, 72 S. E. 659; *Krum* v. *Chamberlain* (1898), 57 Neb. 220, 77 N. W. 665; *Taylor* v. *Williams* (1869), 45 Mo. 80; *Mossie* v. *Cyrus* (1912), 61 Or. 17, 119 Pac. 485 and 624; *Wilks* v. *Burns* (1882), 60 Md. 64.

We quote from the complaint so much of it as appellant insists sets out a contract entitling him to the relief prayed for: "That prior to said date, said defendant, Wendell M. Strong, engaged and employed C. F. Sayles & Company, a real estate brokerage firm of the City of Indianapolis, Indiana, as his agents, to sell said above described real estate and to procure for him a purchaser therefor for the sum of six thousand dollars, and that said agents and brokers were authorized and directed by said defendant to make a sale of said real estate and to procure a binding contract with some person for the purchase of the same, or to accept an offer of six thousand dollars for said real estate. That thereafter, to wit, on the 26th day of May, 1908, said defendant, Wendell M. Strong, by and through his said duly authorized agents and brokers, made, executed and delivered to this plaintiff the following written proposition, an instrument for the sale of said real estate, which said proposition was afterwards, to wit, on the 13th day of June, 1908, duly accepted in writing by plaintiff, and the sum of one dollar was paid by plaintiff to said defendant as a part of the purchase price for said real estate, which said proposition so made by said defendant and the acceptance thereof, as aforesaid, is in the words and figures as follows:

'Indianapolis, Indiana, May 26, 1908;
B. F. Cline, Esq.,
    City.
Dear Sir:—
  ' We have from the owner of lots 1, 2, 3, 4, 5, 6, in block 1; lots 3, 4, 5, 6, 7, 8, 16, 17, 18, 19, 20, 21, and 22 in block 3; lots 4, 5, 12, 13, 14, 17, 18, 19, 20, 21, and 22 in block 8; lots 1, 2, 3, 4, 5, 6, 23, 24, 25, 26, 27 and 28 in block 7, all in Cleveland's addition City of Indianapolis, Indiana, an agreement to accept the sum of six thousand ($6000) dollars for said lots if taken on or before June 22nd, 1908. As this offer was obtained after an offer made by you for said lots, we will be pleased to hold this open for your account until this date.     [Signed] C. F. Sayles & Co.

  I hereby accept the above proposition June 12th, 08.
    [Signed] Benj. F. Cline.

  Received of Benjamin F. Cline ($1.00) as earnest money on the above proposition, June 12, 1908.
    [Signed] C. F. Sayles & Co.' "

The terms of this writing, when considered as a contract, are so indefinite and the form of the acceptance so doubtful that it ought not to be specifically enforced in a court of equity. We are unable to say whether the language of the letter is sufficiently definite and certain to constitute a proposition for an actual sale of the lots mentioned therein, or whether thereby merely an option to purchase was extended to appellant; nor are we able to say that by the terms of the so-called acceptance appellant bound himself, by such a memorandum as is required by the statute of frauds, to purchase appellee's real estate, in such certain terms that appellee could have obtained a decree of specific performance against appellant if he failed to pay the consideration and accept a deed. We are also unable to determine what force or effect is to be given the receipt for $1, executed by the real estate agents, when considered in connection with the other writings heretofore set out. Whether such payment shows that appellant intended thereby to enter into

a binding contract for the purchase of the lots, or whether it was paid merely in consideration of the agreement on the part of such agents to hold the proposition contained in the letter open for him for some days, remains a question of much doubt and uncertainty. There are too many details, such as time of payment, amount of payment, terms of payment, assumption of liens, if any, and many others, which are not within the authority of a real estate agent to arrange for, but which are essential to show certainty in the contract, and mutuality of the parties, which are entirely left to conjecture, and are wholly unprovided for by the parties themselves, so that it is not possible to determine what was their real intent and purpose.

Appellant might contend, and such contention might well be supported, if he himself were sued, that he never agreed in writing to purchase the property in suit, but that his sole intention was, when he paid $1 and accepted the proposition, to obtain from the agents a number of days within which he himself might obtain purchasers for the property at a profit to him, as soon as he would obtain a deed to himself therefor, or to acquire sufficient time to determine for himself the advisability of making the purchase for any purpose. In short, appellant, if sued for an enforcement of the agreement, might quite properly insist, in view of the uncertainty of the language of the writings, that he sought and obtained for $1 an option to purchase the lots before June 22, 1908, and that he declined to avail himself of the opportunity to consummate such purchase.

The equitable doctrine in such cases is that the enforcement of contracts must be mutual, and before the vendee is entitled to a specific performance, his vendor must 3. likewise be able in equity to compel the acceptance of a deed and the payment of the stipulated consideration. *Migatz* v. *Stieglitz* (1906), 166 Ind. 361; 26 Am. and Eng. Ency. Law (2d ed.) 106, and cases cited.

The conclusion which we have reached on this proposition makes it unnecessary for us to consider the remaining questions presented by appellant, in which he insists that the agreement should be specifically enforced, and that the demurrer should have been overruled.

While we give to appellant the benefit of all the facts well pleaded in his amended complaint, to which he is entitled on a demurrer, yet he has not set out a completed contract with that degree of certainty and definiteness which the general principles of specific performance require, for it does not appear that the minds of the parties met on the essential particulars of any contract with that degree of certainty which is necessary to enable the court to determine with any sort of accuracy what the parties intended.

The demurrer was properly sustained, and the judgment is affirmed.

NOTE.—Reported in 100 N. E. 569. See, also, under (1) 36 Cyc. 587, 609, 612; (2) 36 Cyc. 587, 597; (3) 36 Cyc. 622. As to the certainty necessary in a contract to warrant a decree for its specific performance, see 26 Am. Dec. 661; 140 Am. St. 58. For a discussion of the specific performance of optional contracts, see 1 Ann. Cas. 990; 12 Ann. Cas. 90; Ann. Cas. 1913 A 362.