BURTON v. LADD.

1. LANDLORD AND TENANT—EXPIRATION OF LEASE—HOLDING OVER—ACQUIESCENCE—TENANT AT WILL.

Where defendant's lease expired August 1st and plaintiffs, without further negotiations, on August 19th began summary proceedings to recover possession, *held*, that plaintiffs had not by this short delay acquiesced in such holding over so as to make defendant a tenant at will entitled under 3 Comp. Laws 1915, § 11812, to three months' notice to quit, or waived their right to treat such holding over as an unlawful one and maintain proceedings without notice to quit.

2. CONTRACTS—OFFER AND ACCEPTANCE—REASONABLE TIME.

Where an offer is made and no time fixed for its expiration, it expires at the end of a reasonable time; what is a

Holding over after expiration of lease with option for extension or renewal without formerly exercising option, see notes in 29 L. R. A. (N. S.) 174; L. R. A. 1916E, 1232.

reasonable time depending upon the facts of the particular case, and where the facts are not in dispute it should be determined as a matter of law.

3. SAME—WITHDRAWAL UNNECESSARY AFTER EXPIRATION OF REASONABLE TIME.

Since an offer expires at the end of a reasonable time, it is not necessary that it be formally withdrawn.

4. LANDLORD AND TENANT—OFFER OF RENEWAL OF LEASE—UNREASONABLE DELAY IN ACCEPTING.

Where, in summary proceedings, it was undisputed that defendant's acceptance of plaintiffs' offer of a renewal of a lease was delayed for over 50 days and until three days before the expiration of the lease, such delay, *held*, clearly unreasonable and justified the direction of a verdict for plaintiffs.

5. APPEAL AND ERROR—QUESTION RAISED FOR FIRST TIME IN APPELLATE COURT.

Where both parties in the court below treated the case as presenting questions of law solely, and both asked for directed verdict, it is too late in this court to raise the question for the first time that the case should have gone to the jury.

Error to Wayne; Mandell (Henry A.), J. Submitted June 11, 1920. (Docket No. 78.) Decided July 20, 1920.

Summary proceedings by Charles W. Burton and another against Edward R. Ladd for the possession of leased premises. There was judgment of ouster before the commissioner, and defendant appealed to the circuit court. Judgment for plaintiffs on a directed verdict. Defendant brings error. Affirmed.

*McKee Robison,* for appellant.

*Percy M. Lovett* (*Race, Haas & Allen,* of counsel), for appellees.

Plaintiffs are the owners of a garage located in the

rear of 173 West Canfield avenue, Detroit, which they leased to one Hennessy in 1916 for a period of two years terminating August 1, 1918. This lease was assigned to defendant and at its expiration was renewed for one year. The rental was $75 per month. On June 4th defendant wrote Mr. Burton, who had charge of the property, asking upon what terms a renewal might be had. On June 7th Mr. Burton replied offering to give defendant a lease for two years at $90 per month. No reply was received by Mr. Burton to this letter for 52 days, or until two days before the lease expired. While defendant claims to have written Mr. Burton about July 1st no such letter was received by Mr. Burton, no copy was produced, there was no testimony as to contents and it is not claimed that Mr. Burton's offer was accepted or attempted to be accepted by him or until a letter mailed July 28th to which we shall presently refer. During this period Mr. Burton repeatedly attempted to get into communication with defendant by telephone but was unable to do so. On July 28th Mr. Burton wrote defendant saying that his offer of June 7th was withdrawn but offering to permit defendant to remain in possession on a month to month basis at $90 per month. Mr. Burton requested a reply by return mail and also stated if he did not hear immediately he would consider defendant's right to possession terminated August 1st. On the same day this letter was mailed defendant caused a letter to be sent Mr. Burton, the postmark on the envelope showing it was received at the postoffice at 10 p. m. of that day, accepting the offer of June 7th. Defendant about August 1st sent to Mr. Burton a check for $90 but it was made payable to C. M. Burton; it appears either to have been unaccompanied by any letter or if one was sent it was not produced or its contents established. On August 2d Mr. Burton returned the check calling attention to

the mistake in the name and saying that if defendant desired to continue in possession on the month to month basis to make the check payable to Charles W. Burton and to advise by return mail, "otherwise I shall be forced to take measures to dispossess you." To this letter no reply was received and no check was sent for the rent. This proceeding was instituted on August 19th before a circuit court commissioner to recover possession of the premises. It is stated that it was preceded by a defective proceeding commenced August 7th, but we do not regard this fact as important. Plaintiffs had judgment before the commissioner and upon the appeal the trial judge directed a verdict for the plaintiffs, both parties having moved for a directed verdict.

FELLOWS, J. (*after stating the facts*). Defendant moved for a directed verdict based on his claim that he was a tenant at will and entitled to three months' notice to quit under section 11812, 3 Comp. Laws 1915. In the early case of *Benfey* v. *Congdon*, 40 Mich. 283, it was said:

"* * * but we do not think a tenant who wrongfully holds over for a short time becomes immediately entitled to such notice, or that any short delay in commencing proceedings against him can confer the right. The statute evidently intends a case of a holding where the occupant has some equities which would render it unjust that he be required to surrender immediate possession; but he cannot acquire such equities by a mere wrongful holding over, which is neither assented to nor acquiesced in."

This rule is in consonance with the holdings in other States and has been strictly adhered to by this court. In the instant case there is no testimony tending to show assent or acquiescence in such holding over, nor is there testimony justifying the claim of defendant that during his unlawful holding there were negotia-

211—Mich.—25.

tions pending or "dickerings" as they are termed by his counsel. On June 28th and before the tenancy had expired Mr. Burton wrote defendant that he might remain from month to month at $90 per month. August 1st defendant sent him a check for a month's rent but it was not payable to the right Mr. Burton. It does not appear what, if any, letter accompanied the check or if one was sent that it was one of explanation or attempted negotiations. Mr. Burton replied by calling attention to the mistake in the check, returned it, and informed defendant if he desired to remain under the terms of his letter to correct and return the check. Defendant made no reply and sent no check. He neither negotiated nor attempted to negotiate, but remained silent. Within a few days these proceedings were instituted. Plaintiffs had not by this short delay acquiesced in such holding over so as to make defendant a tenant at will or waived their right to treat such holding over as an unlawful one and to maintain these proceedings without notice to quit. The trial court correctly overruled defendant's motion for a directed verdict.

The trial judge directed a verdict for the plaintiffs on two grounds, but one of which will be considered. He held that by reason of defendant's unreasonable delay in accepting plaintiffs' offer of June 7th, such offer had lapsed on July 28th, when defendant attempted to accept it by his letter of that date and which letter was received by Mr. Burton the following day. The rule is thus announced in Cyc. (9 Cyc. p. 291):

"An offer comes to an end at the expiration of the time given for its acceptance; a limitation of time within which an offer is to run being equivalent to the withdrawal of the offer at the end of the time named. Where no time is fixed in the offer it expires at the end of a reasonable time."

Where the facts are not in dispute what is a reason-

able time must be determined as matter of law. *Oak-land Motor Co.* v. *American Fidelity Co.,* 190 Mich. 74. As a general rule what is a reasonable time depends upon the facts of the particular case. There are some authorities which hold that where an offer is made by mail the offeree must accept it by return post or not later than the next day. But we do not find it necessary to lay down so hard and fast a rule in the instant case as we are of opinion that the delay of over 50 days and until three days before the lease would expire was so clearly unreasonable as to remove all doubt as to the correctness of the ruling of the trial judge. Defendant regarded it of importance that he should know some time in advance whether he could continue as tenant for another term and nearly two months before his lease expired opened negotiations for a renewal of the lease. If it was important that he should know two months before his lease expired whether he was to continue as tenant in his then location, it was equally important that plaintiffs then know whether they were to have a tenant after the lease had terminated, at least it was important that they should know before two days only were left to them in which to procure another tenant. Defendant was in no way bound, and could not be held before he accepted the offer. To hold that plaintiffs were bound and that their offer continued practically to the very time the lease would expire without giving them an opportunity to procure another tenant would be to extend the term "reasonable time" to an unreasonable degree.

As has been indicated the offer lapsed at the expiration of a reasonable time. When that reasonable time had expired the offer was at an end. It was not necessary that plaintiffs formally withdraw it. In the case of *Bowen* v. *McCarthy,* 85 Mich. 26, where the delay was less than in the instant case, it was said:

"It is next insisted that defendant did not withdraw

his offer before the final and full tender was made. No legal obligation rested upon him to withdraw the offer after the expiration of the reasonable time within which complainant should have accepted. It is not disputed but that such reasonable time had expired at the time of the tender."

In the court below both parties treated the case as presenting questions of law solely. Both asked for a directed verdict. Defendant's counsel made no suggestion that the case should be submitted to the jury. In this court it is suggested by him, however, that the case should have gone to the jury. It is now too late to insist that the case should have gone to the jury or that the questions were not questions of law only. *St. Mary's Power Co.* v. *Water-Power Co.*, 133 Mich. 470; *Wolverine Farms Co.* v. *De Young*, 182 Mich. 200.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.