DULANY-VERNAY CO. v. KALAMAZOO STATIONERY CO.

1. SALES—OFFER AND ACCEPTANCE—REASONABLE TIME.
    Where no time is fixed for its acceptance, an offer for the sale of goods expires at the end of a reasonable time without any affirmative act of the parties.

2. SAME—REASONABLE TIME—QUESTION OF LAW.
    Where the facts are not in dispute, what is a reasonable time is to be determined as a matter of law.

3. SAME—DELAY—ACCEPTANCE—REASONABLE TIME.
    Where an offer to sell paper at a certain price was made on March 20th, to be used as the basis of a bid to be opened on April 4th, a delay of 63 days from that date in accepting said offer, paper in the meantime having advanced 150 per cent., was so unreasonable as to require the court to determine, as a matter of law, that the offer had not been accepted within a reasonable time.

4. SAME—FORMER TRANSACTION—EFFECT.

That in 1914 plaintiff delayed even longer in accepting the offer, cannot be considered as binding in the present instance, since the conditions were not similar, the price at that time instead of fluctuating being steady, and defendant might decide to make the sale, if advantageous, although not bound to do so.

5. SAME—SINGLE TRANSACTION INSUFFICIENT TO ESTABLISH CUSTOM.

While a protracted course of dealing between the parties may be considered, where the question of construction by them is involved, a single isolated previous transaction does not fall within the rule making commercial transactions between parties happening in the same way day after day indicative of what constitutes reasonable time and what is so considered and treated by them; one isolated transaction being insufficient to establish a custom.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 21, 1921. (Docket No. 107.) Decided March 30, 1921.

Assumpsit by the Dulany-Vernay Company against the Kalamazoo Stationery Company for breach of an alleged contract for the sale of paper. Judgment for defendant. Plaintiff brings error. Affirmed.

*Jackson, Fitzgerald & Dalm,* for appellant.

*Mason & Sharpe,* for appellee.

Plaintiff, desiring to make a bid to the commissioners of the District of Columbia for furnishing certain supplies for the fiscal year beginning July 1, 1916, wrote defendant March 16th asking for quotation of prices and inclosed a portion of the specifications, together with samples of paper, to be used in the schools of the district. The specifications contained the information that bids were to be opened April 4th. Defendant answered March 20th offering to furnish one of

the items, 150,000 pencil pads at $22 per thousand. No reply to this offer or letter was received by defendant until June 9th when it received a letter from plaintiff dated June 7th informing it that plaintiff had been awarded the contract on this item. Defendant at once wired that it could not accept the contract as paper had materially advanced. Correspondence followed; plaintiff executed its contract with the commissioners pursuant to its bid, was unable to furnish the pads, and as a result not only lost its profit but also was required to compensate the commissioners for the difference between the bid and the market price of the pads. For the recovery of these amounts it brings this action. The facts were not disputed, most of them were stipulated. By the stipulation it appears that paper is a product the market value of which is a fluctuating value. The general manager of defendant testified without dispute that paper was selling for 2 cents a pound on March 20th, the day the offer was made, and at 5 cents per pound on June 9th, the day the letter in reply to the offer was received, nearly three months later.

At the close of the case both parties moved the court for a directed verdict; both motions were overruled and the case was submitted to the jury who rendered a verdict for the defendant. This verdict was permitted to stand against a motion for a new trial and one for judgment for the plaintiff *non obstante veredicto.*

FELLOWS, J. (*after stating the facts*). We are persuaded that the trial judge should have directed a verdict for the defendant. Where no time is fixed in the offer for its acceptance, it expires at the end of a reasonable time. 9 Cyc. p. 291, 13 C. J. p. 297; and when such reasonable time has elapsed the offer is withdrawn without any affirmative act of the parties.

*Bowen* v. *McCarthy*, 85 Mich. 26. Where the facts are not in dispute, what is a reasonable time is to be determined, as a matter of law. *Oakland Motor Co.* v. *Fidelity Co.*, 190 Mich. 74; *Bayer* v. *Winton Motor Car Co.*, 194 Mich. 222; *Burton* v. *Ladd*, 211 Mich. 382. The last-cited case is, we think, controlling of the one before us. In that case we held that a delay of 51 days in accepting an offer to lease was, under the facts of that case, so unreasonable that the court should hold, as matter of law, that the offer had expired. Each case must, of course, be controlled by its particular facts. But the facts of the instant case are much more favorable to the offerer than were the facts in the *Burton Case* in this, that there the subject-matter of the offer was a lease of real estate; here the subject-matter of the offer was a commodity having a fluctuating value, changing from day to day.

The parties understood that the offer, if used at all, was to be used as a basis of a bid to be opened April 4th. Undoubtedly the reasonable time for acceptance did not begin to run until that date. But 63 days, over two months, elapsed after that date before plaintiff even acknowledged receipt of, or communicated with defendant with reference to, its letter of March 20th. In the meantime the market value of the commodity had risen 150 per cent. When dealing in a commodity of fluctuating value this delay was so unreasonable as to require the court to say, as matter of law, that the reasonable time in which to accept the offer had expired.

But plaintiff's counsel insist that in 1914 defendant sold similar supplies to plaintiff for the same purpose, that the delay then was greater than in the year 1916, and that the 1914 transaction should be considered as a similar transaction and have a bearing on the transaction in hand. The record discloses the transaction of 1914, and in some regards it was quite dissimilar from

the one of 1916. To illustrate: In the transaction of 1916 no word of any kind was sent by plaintiff to defendant from the time it asked to be quoted prices on March 16th until its letter of June 7th, while in 1914 there was considerable correspondence and plaintiff advised defendant as to when the commissioners might be expected to act. In 1916 the price of paper was going up by leaps and bounds; in 1914 the price was steady as the undisputed testimony shows. Defendant might well have been willing in 1914 to make an advantageous sale of its product whether it was bound so to do or not. But be that as it may, the one isolated transaction of 1914 did not establish a custom. While a protracted course of dealing between the parties may be considered where the question of construction by the parties is involved, a single previous offer and acceptance cannot be made to serve the purpose contended for. A single isolated previous transaction does not fall within the rule making commercial transactions between parties happening in the same way day after day indicative of what constitutes reasonable time and what is so considered and treated by them.

The judgment must be affirmed.

STEERE, C. J., and STONE, CLARK, and BIRD, JJ., concurred. MOORE, BROOKE, and SHARPE, JJ., did not sit.