LAKE INDEPENDENCE LUMBER CO. *v.* FRANK M. PAULI CO.

SALES—OPTION TO PURCHASE COMMODITY OF FLUCTUATING VALUE—REASONABLE TIME—DIRECTED VERDICT.
  Delay of 53 days in exercising an option to purchase 150,000 feet of lumber, which is a commodity of fluctuating value, *held*, unreasonable, as a matter of law.

Error to Wayne; Goff (John H.), J. Submitted June 19, 1923. (Docket No. 38.) Decided October 1, 1923.

Assumpsit by the Lake Independence Lumber Company against Frank M. Pauli Company for the purchase price of a car load of lumber. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Sherman D. Callender* (*J. H. M. Alexander*, of counsel), for appellant.

*Stevenson, Carpenter, Butzel & Backus* (*Rockwell T. Gust* and *Charles A. Wagner*, of counsel), for appellee.

McDonald, J. Plaintiff sues to recover for 21,517 feet of lumber. The action is based upon the following written order:

"Frank M. Pauli Company,
   Building Contractors.

                   "Ship from Muskegon.
                           O. K.
"Office and Factory         Your Order No.....
   30 to 40 Shipherd Avenue,   Our Order No. 2772.
   Detroit, Mich.,          9-17-19.
"Lake Independence Lr. Co.,
   Chicago, Ill.

                 "F. O. B. Detroit.
"Terms: 2%—10 days.
"1 sample car 5-4 No. 1, com. and sel.
        Mich. hard maple.................52.00
"National Hardwood Rules to govern.
"Ship via M. C. R. R. Beaufait team track.
"Note: If stock works satisfactory will order at least 150 M ft. by wire after accepted by our client.
              (Sgd.)   "F. G. Pauli."

The defendant pleaded the general issue, to which was attached a notice of recoupment alleging that the parties had entered into a written option agreement for 150,000 feet of lumber at $52 per thousand, according to sample car, subject to the sample being satisfactory to defendant's client; that the sample car proved satisfactory, and plaintiff was requested to ship the balance, which it refused to do; defendant was obliged to buy other lumber in the open market to provide for its client at an increased cost of about $8,000. There was a directed verdict for the plaintiff.

The first question presented by the record relates to the construction which should be placed on the following language of the written order:

"Note: If stock works satisfactory will order at least 150 M ft. by wire after accepted by our client."

In accepting the order the plaintiff wrote:

"We believe that the stock will prove satisfactory to you and we await your report on the same so that we can provide for 150,000 feet additional."

The defendant claims that the language of the order and acceptance constitutes a valid option agreement for the sale and purchase of 150,000 feet of lumber. The circuit judge took a different view of the matter and directed a verdict for the plaintiff for the amount of lumber actually furnished. If we should accept the defendant's construction there would still be a complete obstacle to its recovery under the recoupment in this case. The sample car load of lumber was shipped on the 8th day of October, 1919, and reached the defendant on October 13, 1919. On December 5th defendant notified a salesman of the plaintiff that the stock was satisfactory, and that it would take the additional 150,000 feet. No time was specified in which the option should be exercised. When the sample car was received by the defendant, it had a reasonable time in which to determine if it was satisfactory. In its notice of recoupment the defendant says: "That after the receipt of said sample car of lumber the same was turned over to this defendant's client for inspection and use." Subsequently, in a letter to plaintiff, the defendant, referring to the contract, said:

"You will note in this paragraph that it does not state that you should be notified at least two or three days after shipment arrived, if it had stated this, we would have gotten after our client and pushed him for a decision on the same."

It thus appears that the defendant could have earlier determined if the stock was satisfactory. It allowed 53 days to elapse before making any attempt to notify the plaintiff that it would exercise its option and take the balance of the lumber. We think 53 days was an unreasonable delay. The subject-matter of the

contract was a commodity of fluctuating value. The value of lumber was daily increasing. This appears by the notice of recoupment, which states that, when defendant went into the open market and purchased the 150,000 feet of lumber, it was compelled to pay $8,000 more for it than it would have paid on the original order. The language of Justice FELLOWS in *Dulany-Vernay Co.* v. *Stationery Co.*, 213 Mich. 484, is applicable here:

"When dealing in a commodity of fluctuating value this delay (63 days) was so unreasonable as to require the court to say, as matter of law, that the reasonable time in which to accept the offer had expired."

See also, *Burton* v. *Ladd*, 211 Mich. 382.

In the instant case, if it should be said that defendant had a valid option, it must be held to have expired by the lapse of a reasonable time. As the judgment must be sustained for this reason, it is unnecessary to discuss other assignments of error.

The judgment of the circuit court is affirmed, with costs to the plaintiff.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.