Argued July 28, decided October 6, 1908.

## CATLIN v. JONES.

[97 Pac. 546.]

SALES—CONTRACTS—MUTUAL AND DEPENDENT UNDERTAKINGS—PERFORMANCE.

1. Where the undertakings of the parties to a contract of sale of personalty are mutual and dependent, and are to be performed concurrently at a time and place specified, the seller is not bound to deliver the goods until they are paid for, and the buyer is not bound to pay until they are delivered.

SAME.

2. Where both parties to a contract of sale, whereby payment and delivery are concurrent, were present at the time and place fixed for performance, a party desiring to enforce the contract, or recover for nonperformance by the other party, must show performance on his part or an offer to perform.

SAME.

3. Where a party to a contract of sale, whereby payment and delivery are concurrent, to be performed at a specified time and place, is absent, the adverse party, to recover for nonperformance, need only show that he was able, ready, and willing to perform, and in case the adverse is the buyer, it is only necessary for him to show that it was within his power to produce the money, if it had been required, in case the seller had been present and able to deliver.

SAME.

4. Whether a buyer in a contract of sale of hops, whereby payment and delivery were concurrent, was at the time and place specified for perfor-

mance, able and ready to pay, authorizing a recovery for the failure of the seller not present to perform. *held,* under the facts, for the jury.

From Marion: GEORGE H. BURNETT, Judge.

This is an action by Russell Catlin and J. R. Linn, partners, doing business under the firm name and style of Catlin & Linn, against S. W. Jones, to recover damages for breach of contract for the sale of hops. From a judgment of nonsuit, plaintiff appeals.

Statement by MR. JUSTICE EAKIN.

This is an appeal from the second trial of an action to recover damages for breach of contract (for decision on a former appeal, see *Catlin* v. *Jones,* 48 Or. 158: 85 Pac. 515). On July 15, 1904, plaintiffs and defendants entered into a contract whereby plaintiffs buy and defendant sells and agrees to deliver at Brooks, on board the cars, about 15,000 pounds of hops, at the agreed price of 17½ cents per pound, "delivery and acceptance to be made between the 1st and 10th days of October, 1904." On the 10th day of October defendant had about 40 bales of hops at the Southern Pacific warehouse at Brooks, and between 4 P. M. and dark on that day caused his teams to deliver at said warehouse 29 other bales, making in all, as defendant claims, about 14,086 pounds; but defendant was not at Brooks that day. At the trial, for the purpose of showing that they were able and ready to receive and pay for the hops at the time and place specified, plaintiffs gave evidence tending to show that their agent, Earl Race, was present at the warehouse about 4 o'clock and until about 4:30 P. M. on that day; that he had full authority for them to examine, receive, and pay for the hops, with authority to draw checks on plaintiffs' bank account; that he had his blank check book with him; and that plaintiffs had at that time $4,000, subject to check, in Ladd & Bush's Bank at Salem, Oregon, about eight miles distant; that the 29 other bales of hops had not been delivered at the ware-

house when Race left there; and plaintiffs sought to prove by Race, that he was in a position to pay for the hops if they had been offered.    REVERSED.

For appellant there was a brief over the names of *Mr. John A. Carson* and *Mr. A. M. Cannon*, with an oral argument by *Mr. Carson*.

For respondent there was a brief over the names of *Mr. William H. Holmes, Mr. Martin L. Pipes* and *Mr. George G. Bingham*, with oral arguments by *Mr. Holmes* and *Mr. Bingham*.

MR. JUSTICE EAKIN delivered the opinion of the court.

1. When plaintiffs rested their case, defendant moved for a judgment of nonsuit, which the court allowed, for the reason that the plaintiffs had not shown that they were ready to pay for the hops at the time and place of delivery. In the absence of defendant, it was not necessary for the plaintiffs to make a formal tender of payment, but, to entitle them to recover damages for nonperformance by the defendant, they must show that they were able and ready to pay at the time and place specified. Where the undertakings of parties to a contract for the sale of personal property are mutual and dependent, and are to be performed concurrently at the time and place specified, the vendor is not bound to deliver the goods until they are paid for, and the vendee is not bound to pay for them until they are delivered.

2. If both parties are present, and neither of them tenders performance, then both are in default, and neither of them can sue the other for the breach; so that, if either party would enforce the contract, or seek to recover damages for nonperformance by the other, he must do more than show his default. He must also show performance on his own part or a tender to perform; or, as in this case, where defendant was not present at the time and place specified, then it is sufficient to show that he was able, ready, and willing to perform. *Dunham* v.

*Pettee,* 8. N. Y. 508; *Funk* v. *Hough,* 29 Ill. 145; *Kitzinger* v. *Sanborn,* 70 Ill. 146; *McGeehee* v. *Hill,* 4 Port. (Ala.) 170 (29 Am. Dec. 277). To come within that requirement, it is not, however, always necessary that he have the money on his person; it depends upon whether it was within his power to produce the money if it had been required, in case defendant had been present and able to deliver the hops. No money would have been required until the hops were inspected and weighed and the value ascertained, which some of the witnesses stated would take about half a day. It was not a matter affecting the defendant if he was in default, but it was a condition of plaintiffs' right of recovery, which depends upon whether he was damaged; and he could have suffered no damage if he was not able and ready to complete the purchase. This is the theory of the decisions holding that readiness to pay must be shown. *Gray* v. *Smith,* 83 Fed. 824, 829 (28 C. C. A. 168, 173), in discussing what constitutes the ground of plaintiff's recovery, says: "But, in any case of action upon a contract, the elements of the plaintiff's damage must be certain, and the facts must exist from which it may be deduced that he has suffered loss. One who makes a contract to sell property of which he has no title, nor the certain means of procuring title, presents no facts upon which damage to him may be predicated if the purchaser withdraws from the contract." Also *Hamilton* v. *Speckenagle,* 9 Serg. & R. (Pa.) 212, 221 (11 Am. Dec. 704), says: "Although the defendant had declared that he would not take the land, yet, before the plaintiff would be entitled to recover damages, it was incumbent upon him to show that it was (not) in his power to make a good title. He has averred in his declaration that he was ready to do all things necessary to be done on his part, and that averment cannot be supported if he was unable to make title." See, also, *Bigler* v. *Morgan,* 77 N. Y. 312; *Eddy* v. *Davis,* 116 N. Y. 247, 251 (22 N. E. 362).

3. There was evidence tending to show that plaintiffs were financially able to pay for the hops, and from which also the jury might have inferred that they were so situated that, if the defendant had been present and able to deliver the hops, the money could have been procured, either in the town of Brooks or from Salem, in time to make the payment. It is held in *Coonley* v. *Anderson,* 1 Hill (N. Y.) 519, that if he had at his command at short notice such sums of money as showed his ability to fulfill, it would be sufficient to go to the jury upon that question. To the same effect are *Kitzinger* v. *Sanborn,* 70 Ill. 146, and *Hough* v. *Rawson,* 17 Ill. 588. In *McGeehee* v. *Hill,* 1 Ala. 140, 147, the court say: "We therefore conclude there is no error in the charge of the court 'that if the plaintiff had property and credit, and could have raised the money at the time the contract was to have been performed, that would constitute sufficient readiness as to the money to be paid.'" In *Hampton* v. *Speckenagle,* 9 Serg. & R. (Pa.) 212, 221 (11 Am. Dec. 704), it is said: "If the incumbrances were of such a nature that the jury might be satisfied from the plaintiff's evidence that he could and would have removed them had the defendant been willing to accept a conveyance, * * the plaintiff might recover. But the ability to discharge the incumbrances was a point which lay upon the plaintiff to establish beyond doubt. If he failed there, he could not be entitled to damages; but if he satisfied the jury on that point, he might recover."

4. So when the other party is in default it is not always necessary that the deed be executed, the mortgage canceled, or other act be actually performed, if it was within his power to have performed at the time and place appointed. *Hughes* v. *Knott,* 138 N. C. 105 (50 S. E. 586, reported in 3 Am. & Eng. Ann. Cas. 903), is a case very much in point. There plaintiffs sued for possession of a quantity of tobacco, under a contract of purchase, in

which the question was whether plaintiff, at the time and place for delivery of the tobacco, under the contract was able and ready to pay for it. Plaintiff, to show that he was ready and able to pay at the time for delivery, testified that he came to Raleigh on July 4th, ready and prepared to pay for the tobacco; that he had a check on the Norfolk Bank, and ample collateral to secure the money from the bank here, if demanded. And after stating the general rule that a party to an executory contract, before he is in a position to demand performance, must be able and ready to pay at the time and place required, the court held that the defendant, by refusing to deliver the tobacco, waived a tender; and the question was, were plaintiffs ready to comply with their part of the contract? The court further say: "While we do not intend to relax the well-settled rule that where performance of a contract is a condition precedent to the plaintiff's right of action, he must allege and show either a tender or waiver, etc., we are of the opinion that if * * it should appear that on that day plaintiff Hughes was here, and went to the warehouse of defendants during business hours for the purpose of paying for the tobacco. and had available funds for that purpose, either in money, or checks which he could have promptly converted into money, and the defendants were not at their place of business; that the plaintiff would be relieved of the duty of converting such checks into currency on that day and carrying the same about on his person until he could find the defendants. * * We have been unable to find any authority in regard to the question as to what would constitute readiness and ability under the circumstances testified to by the plaintiff Hughes. It would seem that if his view of the entire transaction is correct, he should have been allowed a reasonable time, after the refusal of the defendants to deliver the tobacco, to convert his funds into currency; and, if his funds were available for that purpose, the jury would be justified in finding

that he was ready, able, and willing, within the terms of the contract as modified by the conduct of the parties." Therefore it seems clearly to be the law that, if plaintiffs' testimony tended to show that they could have procured the money at the time and place specified in the contract, had defendant been present and ready to perform, and that they were financially able to pay, the case should have been submitted to the jury on that question, even though the agent did not have the money on his person.

The judgment is reversed, and the cause remanded, for such further proceedings as may be proper.

REVERSED.