Argued July 15, affirmed September 15, 1914.

# TURNER v. BRAY.

(143 Pac. 1011.)

**Contracts—Validity—Fraud.**

1.  The court takes cognizance of two kinds of fraud: Fraud in the consideration, and fraud in the execution of the instrument; the latter going to the question whether the instrument ever had any legal existence, as if the instrument was misread to the signer, then as signed it never became the agreement of the parties.

> [As to failure of consideration as a defense, see note in 13 Am. Dec. 378. As to when and how consideration must be expressed, see note in 60 Am. St. Rep. 432.]

**Reformation of Instruments—Evidence—Weight and Sufficiency.**

2.  In a suit to reform a contract authorizing defendant to sell plaintiff's land at $37 per acre by substituting $137 per acre as the price, evidence *held* to show that the contract was read to plaintiff as $137 per acre, or at least that he so understood it.

**Reformation of Instruments—Subject Matter—Value of Land.**

3.  In a suit to reform a contract authorizing defendant to sell plaintiffs' land at a certain price by substituting a higher price, it is immaterial what the market value of the land was at the time, except on the question of the good faith of plaintiffs.

> [As to causes and proceedings for reformation of instruments, see note in 65 Am. St. Rep. 481.]

From Marion: WILLIAM GALLOWAY, Judge.

Department 2: Statement by MR. JUSTICE EAKIN.

On October 9, 1912, the plaintiffs, L. H. Turner and C. A. Davis, made a contract with the defendant, E. D. Bray, by which defendant was authorized to sell 450 acres of land at a price named in the contract as $37 per acre, defendant to have $2 per acre as compensation for making such sale. Defendant procured a purchaser at that price, and now sues plaintiffs for the commission. The plaintiffs bring this cross-bill to reform the contract by inserting the price at $137 per acre instead of $37. From a decree in favor of plaintiffs, defendant appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Walter C. Winslow.*

For respondents there was a brief with oral arguments by *Mr. Samuel M. Endicott* and *Mr. Roy F. Shields.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The defendant first questions plaintiffs' right to reform the contract unless there was some relationship of trust or confidence existing between the parties, or unless there was some fraud or misrepresentation imposed upon plaintiffs; but we find that this case comes under the latter class. There are two kinds of fraud of which the court takes cognizance: Fraud in the consideration, and fraud in the execution of the instrument. The latter goes to the question of whether the instrument ever had any legal existence, namely, if the instrument was misread to the party who signed it, then as read it never became the agreement between

the parties. This distinction is made in *Olston* v. *Oregon W. P. & Ry. Co.,* 52 Or. 342 (96 Pac. 1095, 97 Pac. 538, 20 L. R. A. (N. S.) 915.)   Upon this question there are many cases cited at page 351.

2. Here there was fraud in the execution of the instrument, in that it was misread to Turner, and the question of confidential relation between Turner and Bray is not important.   The testimony shows that in June, 1909, plaintiff placed the same land in the hands of a real estate man to be sold at $70 per acre, and in February, 1912, thereafter renewed said option to the same man at $131 per acre.   On June 13, 1912, he placed it in the hands of a real estate man to be sold at $135 per acre net to the plaintiffs.   A portion of this same land was about that time placed in the hands of this defendant to be sold at $150 per acre.   We are convinced that the plaintiffs did not contemplate selling the land for $37 per acre, and did not authorize the defendant to so write it in the contract, and that when the contract was read to them it was read $137 per acre, or, at least, it was so understood by the plaintiffs.

3. It is immaterial what the market value of the land was at that time, and the testimony upon that matter was irrelevant, except as it might tend to show that plaintiffs are not now acting in good faith; that they really intended to offer it at $37 per acre.   The reasonable value of the land cannot determine the contract between the plaintiffs and the defendant.   Plaintiffs cannot be forced to sell their land at a reasonable price. The question is, Did they agree to sell it for $37 per acre?   If so, they should be bound by it.   The contract of plaintiffs was to authorize the defendant to sell the

property at $137 per acre, and the contract was properly so reformed.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.