Argued October 18, affirmed December 11, 1923.

## W. C. ALLEN AND E. H. ALLEN, COPARTNERS DOING BUSINESS AS AUTO ELECTRIC EQUIPMENT CO. *v.* M. D. BAKER.

(220 Pac. 574.)

**Sales—Contract Held Entire—Mode of Delivery of Goods in Possession of Third Persons Stated—Delivery of Less Goods Than Contracted for may be Rejected.**

Where, under a contract for the sale of a business and inventoried goods, the sum payable by buyer was made up of a named sum for the lease and goodwill and various amounts listed as the value of specific articles, among which were 245 service batteries appraised at $15 each, 104 of which sellers were unable to deliver because they were in the hands of third persons at the time the sale was to be consummated, *held* that, under Section 8237, Or. L., defining "goods," the contract was entire and called for the delivery of specific chattels, making applicable the Uniform Sales Act, so that, under Section 8206, as respects the 104 batteries, seller was bound to secure third persons' acknowledgment of holding for the buyer in order to make delivery, and, under Section 8207, on sellers' failure to do so, the buyer could reject the proffered delivery as noncompliance with the contract.

Entirety of contracts, see note in 54 Am. Rep. 624.

From Multnomah: JOHN MCCOURT, Judge.

Department 1.

AFFIRMED.

For appellants there was a brief and oral arguments by *Mr. Dan E. Powers, Mr. F. E. Swope* and *Mr. Thomas Mannix.*

For respondent there was a brief over the names of *Messrs. McCamant & Thompson* and *Messrs. Wood, Montague & Matthiesen,* with an oral argument by *Mr. W. Lair Thompson.*

RAND, J.—This is an action to recover damages for breach of contract arising from an alleged refusal of the defendant to perform a contract to purchase from plaintiffs certain specific property. The contract was in writing, and by its terms the plaintiffs undertook to sell and deliver to the defendant for a lump sum certain articles which were listed in an inventory prepared by them, and also the furniture, fixtures and equipment, together with the leasehold and goodwill of a business which the plaintiffs were then conducting in Portland, Oregon. This lump sum of $18,726.37 was made up of the sum of $1,800, stipulated to be paid for the leasehold and goodwill of the business, and of the aggregate sum of the amounts recited in the inventory, as the value of the specific articles listed therein. The contract provided that another inventory should be made at the time the sale was consummated, and that whatever material or merchandise that plaintiffs should use or sell between the contract date and the date of the consummation of the sale, plaintiffs should pay for at the inventoried

price of the articles so used or sold. This latter inventory was not made. Among the articles listed in the inventory and so contracted to be sold and delivered by plaintiffs were 245 service batteries that were appraised as of the value of $15 each, but at the time the plaintiffs were required to make delivery thereof under the contract, the plaintiffs had, in their place of business, and tendered only 141 of these batteries. The contract also provided that in the event the defendant, within ten days after the date of the contract, should fail to take over and pay the sum stipulated to be paid for all of said property, he should forfeit to the plaintiffs the sum of $5,000, which sum, it was stipulated, should be considered as liquidated damages for defendant's failure to perform. This action was brought to recover that sum.

The cause was tried to the court without the intervention of a jury, and from the testimony the court found that the plaintiffs had undertaken to sell and deliver to the defendant, among other things, 245 storage batteries, and had tendered delivery of only 141 thereof, and that, as to the other 104 batteries, plaintiffs had, as a part of their office records, 42 unsigned cards showing that 42 of these missing batteries were in the hands of third parties, customers of the plaintiffs, and that there was no record showing the persons in possession of the remainder, although plaintiffs claimed that these also were in the possession of their customers. The court also found that the plaintiffs had wholly failed to secure or tender to the defendant any acknowledgment, by any of the different bailees in possession of any of the 104 missing batteries, stating that they, or either of them, held said batteries, or any thereof, on behalf of the defendant. The court also found that the defendant did not repudiate or refuse to perform the contract upon his

part, and, based upon these findings, the court ruled, as a matter of law, that the plaintiffs, having failed to perform a substantial part of their contract, were not entitled to recover, and gave judgment accordingly. The correctness of this ruling is the only question for determination here.

It appears from the testimony that these missing batteries had not been sold, but were in the hands of third parties, to whom they had been loaned or rented by plaintiffs. These batteries therefore did not come within that provision of the contract which required the plaintiffs to pay for articles sold after the contract date and before the consummation of the sale. The evidence also discloses that the plaintiffs demanded of the defendant the payment of the inventoried price of $15 for each of the missing batteries, and refused to perform the contract upon their part unless the defendant would pay for all of the missing batteries.

When goods are sold or contracted to be sold, the Uniform Sales Act provides, by subdivision 3, Section 8206, Or. L., that: "Where the goods, at the time of sale, are in the possession of a third person, the seller has not fulfilled his obligation to deliver to the buyer unless and until such third person acknowledges to the buyer that he holds the goods on the buyer's behalf, * * ." And by Section 8207, Or. L., it provides that: "Where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them, * * ."

The plaintiffs contend that this statute does not apply to these batteries because, in effect, they say that the contract calls for the sale of a going business concern and only contemplates the sale of whatever personal property the plaintiffs might have on hand at the time of the sale, and from this they argue that plaintiffs'

obligation to deliver 104 of the batteries contracted for was not a substantial part of the contract, and plaintiffs' failure to deliver these batteries was not sufficient to justify defendant's refusal to perform.

By the terms of the contract the plaintiffs were obligated to sell, not only the business itself but also, all of the goods, implements and fixtures enumerated in the inventory. This inventory recited the specific articles which the plaintiffs contracted to sell, and set opposite the articles themselves were figures representing the specific value of each. In arriving at the lump sum which the defendant contracted to pay, all of these amounts were added together, and to this aggregate sum was added the further sum of $1,800, the value of the leasehold and goodwill of the business. The total sum thus arrived at was the lump sum which the defendant undertook and promised to pay in consideration of the transfer to him of all of the articles so enumerated and listed. Among these articles were 245 batteries appraised at $15 each, 104 of which plaintiffs were unable to deliver at the time the sale was to be consummated. It is declared by Section 8237, Or. L., that the term "goods" includes all chattels personal other than things in action and money. Hence, it is clear that the contract called for the sale and delivery of specific chattels, concerning which the provisions of the Uniform Sales Act were applicable.

In order for the plaintiffs to consummate the sale in accordance with the terms of the contract, it was necessary for them to deliver to the defendant the 245 batteries in question. As 104 of these batteries were in the possession of third parties, who were bailees of the plaintiffs, the plaintiffs could not fulfill their obligation to deliver them without securing from each of

these bailees an acknowledgment that he was holding the same on behalf of the defendant. Not having secured the acknowledgment required by statute, the plaintiffs themselves were in default. The result of this was that the plaintiffs, being obligated to deliver 245 batteries, and having tendered delivery of a lesser number, the defendant, under the statute, was authorized to reject the tendered delivery as a noncompliance with the contract. A delivery of a lesser number of batteries than that contracted for was not a compliance with the contract, and as the contract was entire, in order to maintain an action for a breach thereof, plaintiffs must show a compliance or a willingness to comply with it as an entirety. The contract was for one entire subject matter, which the defendant was entitled to receive in accordance with the terms agreed upon: *Inman* v. *Cotton Mills,* 116 Tenn. 142 (92 S. W. 760); *Hill* v. *Heller,* 27 Hun (N. Y.), 416.

After the plaintiffs had entered upon the performance of the contract, their tendering for delivery a lesser number of batteries than that contracted for, amounted to a refusal upon their part to perform a substantial part of their contract, and this entitled the defendant to treat the entire contract as absolutely broken and to refuse performance upon his part: *Parker* v. *Russell,* 133 Mass. 74.

The provisions of the statute are declaratory of the law as it existed prior to their enactment. The Uniform Sales Act was enacted in 1919. In *Catlin* v. *Jones,* 52 Or. 337 (97 Pac. 546), this court, speaking through Mr. Justice EAKIN, said:

"Where the undertakings of parties to a contract for the sale of personal property are mutual and dependent, and are to be performed concurrently at the time and place specified, the vendor is not bound to

deliver the goods until they are paid for, and the vendee is not bound to pay for them until they are delivered. If both parties are present, and neither of them tenders performance, then both are in default, and neither of them can sue the other for the breach; so that if either party would enforce the contract, or seek to recover damages for nonperformance by the other, he must do more than show his default. He must also show performance on his own part or a tender to perform."

The judgment is affirmed.          AFFIRMED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.