## Edwin H. Dunks v. Ezbon G. Fuller and another; and Laura A. Robinson v. Ezbon G. Fuller and another.

*Deeds: Fraud: Voidable contract: Election of party defrauded.*    A conveyance of lands, procured through fraudulent representations of the value of a patent-right, taken in part payment therefor, is not void, but is at most only voidable; and while the grantor, on ascertaining the fraud, might, by taking the necessary steps, rescind the contract, yet he is not bound to do so, but could elect to treat it as valid.

*Fraud: Rescinding the contract: Retaining the consideration: Affirmance.* One who has been defrauded in the exchange of lands for a patent-right and other property, if, after ascertaining the facts, he chooses to make use of the right conveyed to him, or to retain and use the other property received by him as part of the consideration of his conveyance of the lands, thereby affirms the entire transaction; he, cannot retain what he had received, and yet treat the agreement as void.

*Fraud: Rescinding a deed: Inconsistent dealing with the consideration: Laches: Estoppel.* One claiming to have been thus defrauded, who had sold such patent-right, and sued his vendee upon a note given as part of the consideration for the conveyance, and collected the same, and had stood by for fifteen years, without objection, and had seen the premises pass into the hands of others who had made valuable improvements, is held to have lost by his laches whatever rights he may originally have had to rescind his conveyance for fraud, and to be estopped from setting up any claim to the premises against the present owners.

*Purchase of lands in possession of third parties: Notice: Equities.* One who purchases lands in the actual possession of third parties, with full knowledge of such possession, and of the rights claimed by those in possession,

DUNKS *v.* FULLER.

is in no better position to assert equities against them, than his grantor was.

*Heard June 8 and 9. Decided June 15.*

Appeal in Chancery from Branch Circuit.

*Upson & Thompson,* for complainants.

*E. G. Fuller,* in person, and *John B. Shipman,* for defendants.

MARSTON, J:

These cases, the facts being the same in both, were heard together. On the 1st of September, 1842, Ezbon G. Fuller purchased certain school-lands from the state, receiving a part-paid certificate therefor; and thereupon took possession of the same.

On the 27th day of December, 1855, he conveyed to Elisha B. Williams the premises in question, by warranty deed, containing a covenant for quiet and peaceable possession only.

The title which Williams so acquired became vested in these complainants on the 6th day of August, 1858, by successive warranty deeds from Williams and his grantees; and upon receiving such conveyances, complainants took possession of the premises, made valuable and permanent improvements thereon, and have ever since remained in, and now are in possession of the same.

Defendants resided in the same village with the complainants; had actual knowledge of the possession and improvements that were being made by complainants, but made no objection thereto, or any claim of title to the premises.

Upon the 9th day of June, 1870, Ezbon G. Fuller, in consideration of a prior debt, assigned his interest in the premises in question, and in that part of said certificate covering the same, to his son, Jesse Beach Fuller, subject to the conditions in said certificate contained, and upon condi-

tion that Jesse should pay his share of the purchase money and interest, then due and to grow due upon said certificate.

On the 5th day of July, 1871, Ezbon G. Fuller paid the balance of the purchase money remaining unpaid upon said certificate, and surrendered the same, with the assignment to his son, to the commissioner of the state land office, who, not having any knowledge that complainants claimed any interest in the premises, upon the 6th day of July, 1871, issued a new and full-paid certificate and patent for these lands to Jesse Beach Fuller. This patent was duly recorded, October 10th, 1871. Complainants afterwards requested the patentee to quit-claim his interest in these premises to them, which he refused to do; they thereupon filed bills in chancery to obtain a release from Jesse of his interest acquired by him under the patent.

The defense set up in substance is, that the principal consideration for the conveyance by Ezbon G. to Williams, was the assignment by the latter to Ezbon G. of a half interest in a certain patent of a machine for shearing sheep; that this patent was wholly worthless, and that the conveyance was obtained by means of certain fraudulent representations made by Williams; and that the object of making the assignment to Jesse B. was to compel the complainants to now pay what ought to have in fact been paid by Williams for these premises.

The argument of counsel in this case took a very wide range on both sides. We do not, however, consider it necessary to examine or answer the various positions taken, as we think the true solution of the real questions presented is not at all difficult.

Admitting that Williams obtained the conveyance from Ezbon G. through fraudulent representations as to the value of the patent-right, the same would not be void, but voidable. While Ezbon G. might, under such circumstances, upon ascertaining that he was defrauded, by taking the necessary steps, have rescinded the contract, yet he was not bound to do so, but could elect to treat the contract as

DUNKS *v.* FULLER.

valid and binding. And if, after ascertaining the facts, he chose to make any use of the right conveyed to him, or to retain and use the other property received by him from Williams as a part of the consideration, he would thereby affirm the entire transaction. He could not retain what he had received, and yet treat the agreement as void. It was at his election void as to both parties, or valid as to both. In this case, Ezbon G. clearly ratified the transaction between Williams and himself. He sold his interest in the patent to his partner, Goodwin; he sued Williams upon a note given by him as a part of the consideration for the conveyance of these premises, and collected the same. He stood by for fifteen years, saw these premises pass into the hands of others, and made no claim to them, nor did he make any objections, although he saw valuable improvements made thereon. Under such circumstances, whatever right he may originally have had to consider his conveyance to Williams as having been fraudulently obtained, he must be considered as having lost the same on account of neglecting to rescind the contract, and by his laches after ascertaining the facts. We think, therefore, that Ezbon G. is estopped, not only because of the covenant in his deed to Williams, but on account of the delay, in standing by and seeing new interests intervene and the premises made more valuable by others. Under such circumstances, he will be held in equity estopped from setting up any claim to the premises as against these complainants who claim through him.

Jesse Beach Fuller claims through Ezbon G., and is in no better position than his assignor. The complainants were in the actual possession of the premises at the time he purchased, and of this he had knowledge.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.