EDWARD W. DOYLE v. THOMAS W. MIZNER, WILLIAM GRAY AND EDWARD E. KANE.

*Delivery and possession—Rescission of sale.*

Possession by an officer of a company is not the company's possession unless held for that purpose.

A vendor may protect himself by rescission against the fraud of an insolvent purchaser who has not paid and does not mean to pay him.

One cannot lawfully mortgage property to which he has no right, and the mortgagee of such property is in no better position than the mortgager.

D agreed with M and G to form a corporation, and they united with him in a bill of sale to the corporation of a stock of goods which really belonged to him alone. M and G, as president and secretary of the company, afterwards mortgaged the stock, and it was seized under the mortgage. D brought trover and swore that he delivered the bill of sale to M to be held conditionally, and not delivered to the company until he was paid. *Held (a)* that as there could be no delivery in the ordinary sense, the bill of sale could not become operative against the grantors until they had somehow manifested an intent to make it operative; (*b*) that upon the evidence the case should have gone to the jury.

If the plaintiff's testimony establishes a case, it cannot be taken from the jury by reason of testimony introduced for the defense.

*Moore & Moore* and *Griffin & Dickinson* for plaintiff in error.

*Ed. E. Kane, Moore, Canfield & Warner* and *Alfred Russell* for defendants in error. Fraud must be established by convincing proof (*Buck v. Sherman*, 2 Doug. [Mich.], 176; *Orr v. Lacey*, id., 230; *Hubbard v. Taylor*, 5 Mich., 155; *Baldwin v. Buckland*, 11 Mich., 389), and it only renders a transaction voidable at the option of the defrauded party, *Galloway v. Holmes*, 1 Doug. [Mich.], 330; *Jewett v. Petit*, 4 Mich., 508; title passes even by a fraudulent transfer, and continues in the transferee until rescission, *Stevenson v. Newnham*, 4 J. Scott, 303: 1 Smith's Lead. Cas., 666, and unnecessary delay bars the right of rescission, *Street v. Dow*, Har. Ch., 428; *De Armand v. Phillips*, Walk. Ch., 186; *Wilbur v. Flood*, 16 Mich., 40; *Martin v. Ash*, 20 Mich., 166; *Schanck v. Morris*, 7 Robert., 659. A written instrument must be conclusively presumed to contain all terms and conditions agreed on, and merges any contemporaneous understanding, *Adair v. Adair*, 5 Mich., 210; *Holmes v. Hall*, 8 Mich., 69; *Martin v. Hamlin*, 18 Mich., 364; *Vanderkarr v. Thompson*, 19 Mich., 86; *Beers v. Beers*, 22 Mich., 43. A bill of sale that purports on its face to be an absolute conveyance, and to have been signed, sealed and delivered, cannot be shown

by parol to have been an escrow merely, *Ward v. Lewis*, 4 Pick., 520; *Pym v. Campbell*, 6 El. & Bl., 374; there can be no delivery in escrow to a grantee; he acquires absolute title on becoming legally possessed of the conveyance, *Dawson v. Hall*, 2 Mich., 390; *Ward v. Lewis*, 4 Pick., 520; so also where delivery is merely to await lapse of time or some other contingency, but is not conditional, *Hathaway v. Payne*, 34 N. Y., 106; *Foster v. Mansfield*, 3 Metc., 414; *Wheelwright v. Wheelwright*, 2 Mass., 451; *Bushell v. Pasmore*, 6 Mod., 217. It is sufficient delivery if a vendee takes a lease of a building where the goods bought are stored, *Shumway v. Rutter*, 8 Pick., 443, or takes possession of a loft where they are stored, *Parks v. Hall*, 2 Pick., 213; slight evidence of delivery is sufficient, *Ingalls v. Herrick*, 108 Mass., 354; *Hardy v. Potter*, 10 Gray, 90; Benj. on Sales, 593-4, note *n;* symbolical delivery may be enough where the goods are ponderous, id., 608; *Manton v. Moore*, 7 Durnf. & East., 67.

CAMPBELL, C. J.    Doyle brought suit for the conversion of a stock of goods, filing a declaration with two counts, the first of which was special, and the second in trover.

The first count averred ownership and possession by plaintiff on the 10th of April 1875, and a fraudulent taking possession and conversion by defendants on that day. Intermediate between these allegations was a recital of facts which were in substance that Mizner and Gray with an express fraudulent intent induced plaintiff to enter into an agreement to form a corporation to be known as the Detroit Chemical Works, with a capital stock of $50,000 in 2,000 shares of $25 each, they (M. and G.) to have 160 shares each for their services and expenses in organizing it, and to pay to the corporation $36,000 in cash and to receive therefor 1,440 shares. Plaintiff was to transfer to the corporation his goods and receive 400 shares therefor; that the other parties

pretended to organize and fraudulently represented that they would pay or cause to be paid to the corporation said $36,000 as soon as plaintiff had executed, a bill of sale to the corporation, and that plaintiff joined with them in executing such bill of sale; that Mizner and Gray had no interest in the property and never paid anything to the corporation. It then charges a fraudulent agreement between Kane, Mizner and Gray to obtain the execution of a pretended chattel mortgage from Mizner and Gray as president and secretary, and that Kane fraudulently took possession thereunder, and that the parties fraudulently converted the property.

On the trial plaintiff proved by his own testimony the forcible taking possession by Kane of the property then in plaintiff's possession. He further testified to a series of transactions for the organization of the company and the execution by himself, Gray and Mizner to the company of a bill of sale, which he swore he delivered to Mizner to be held conditionally and not delivered to the company until the money was paid in and he was paid, and to be used by Mizner for no other purpose than to show intended stockholders what amount of goods was to be turned in as capital. There was other testimony which is claimed by defendants to have shown a want of interest in plaintiff and to controvert his right, and to have precluded him from setting up individual claims.

There was also more or less testimony bearing on the question of fraud.

After Kane took possession, defendants introduced evidence to show a sale of the goods under a mortgage for $293.66 made by plaintiff in 1874, and held by D. W. Brooks as attorney for Mr. Boulter, the assignee. There was evidence tending to prove the property worth several thousand dollars.

After all the testimony on both sides was in, which was conflicting on important points, the court took the case away from the jury, and directed a verdict for the

defendants. It is therefore unnecessary to inquire any further than to ascertain whether there was any testimony under which plaintiff could possibly have recovered.

It seems to us very clear that there was. He swore positively that he not only had possession of the property, but that it was understood by himself, Mizner and Gray that he was to retain. and use it until the money was provided to pay its value. As Mizner was one of the nominal grantors to the company jointly with plaintiff and Gray, so that there was and could be no delivery in the ordinary sense of the term, the bill of sale could not become operative against the grantors until they had in some way fixed and manifested an intent to make it operative. Possession by a person who is an officer of a company is not the company's possession unless received or held for that purpose, whoever may be grantor. If plaintiff's testimony was true the. title never passed.

And inasmuch as Mizner and Gray were shown by his testimony, if believed, to have paid nothing to him for the goods and to have had fraudulent designs in the whole negotiations, and he remained in actual possession of his goods, it was open to him to claim that no sale had been made which he would not have a right to rescind,—even if there had been a sale made in the usual way. A vendor may certainly protect himself against the fraud of an insolvent grantee who has not paid and does not mean to pay him.

The court had no right to take the case from the. jury by reason of testimony introduced for the defense. If plaintiff swore to a case that is enough to reverse the judgment.

It is difficult to see how Kane could be put in any better position than Mizner and Gray. If the company did not own the goods they could not be mortgaged; and the authority of Mizner and Gray to bind the company is not beyond question. But these matters were matters introduced in defense, and should have gone to the jury, with the rest of the facts.

If the plaintiff's testimony is believed, he has suffered a great wrong, and is entitled to redress.

Judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.