ANDREW KRUEGER v. THE GRAND RAPIDS & INDIANA RAILROAD COMPANY.

*Agency—Continuing injury—Limitations—Fraud.*

Whether persons, while acting in their own interest and making a request exclusively for their own advantage, can be deemed as agents of a third person who would participate in the benefits that would arise from its being granted—Q.

An action by a private person as for continuing injury in keeping a railway track in the street near his premises, is subject to the six-year limitation, if defendant relies on permission given longer ago and plaintiff seeks to show by such evidence as remains, that his permission was obtained by fraud.

One who seeks to set aside a transaction for fraud must move promptly; and delay is gross that extends beyond the time necessary to bar an action.

Error to Kent.   (Montgomery, J.)   June 13.—June 22.

CASE.   Defendant brings error.   Reversed.

*Hughes & Smiley* for appellant.

*H. E. Thompson* for appellee.

COOLEY, J.   Plaintiff, who is and has been for many years owner and occupant of a dwelling-house fronting on West Division street in the city of Grand Rapids, brings suit against the railroad company on the special case to recover damages for the occupation by the railroad company with their tracks and cars of a part of the street to his prejudice and injury.

The occupation of the street by the railroad company, as alleged, is not disputed, but defendant shows that it has taken place with the full consent of the common council of the city, granted in the year 1873 on the application of the people living and owning property in that neighborhood. Defendant also shows that previous to consent being so given its track was in the street but was about to be taken up, and that plaintiff, among others, petitioned the common council for consent to defendant's occupation on condition that defendant should, on or before January 1, 1874, erect and maintain a passenger station in the neighborhood, which condition was complied with.   Plaintiff does not dispute his having united in such a petition, but he claims that his signature to it was obtained by fraud, and that for that reason it is not binding upon him.

The fraud, if any was practiced upon the plaintiff—which is disputed—was practiced by two of his neighbors who were anxious to secure the permanent location of the railroad station in the vicinity, from a belief that the neighborhood would be greatly benefited, and who are said to have promised that the defendant would do in that vicinity more in the line of improvements than it has since done, and, so far as there is any showing, more than its officers ever contemplated.   There is no evidence connecting the defendant with the promises of these men, and it can be held responsible for their acts only upon an implication of law that, because they were making a request of which defendant was to take the benefit, therefore, in whatever they did looking

to that result, they must be deemed the defendant's agents.

Whether any such implication can arise when parties are acting in their own interest, and preferring a request exclusively for their own advantage, may well be questioned. But in this case the point is not material. It conclusively appears that defendant is in the street with the full consent of the public authorities, and also with the full consent of the plaintiff, unless his consent is invalidated by the fraud which is relied upon.

The fraud, if there was any, was committed in 1873, and the railroad company immediately acted upon it, and has been in the enjoyment of the privileges obtained by means of it ever since. Plaintiff has been aware of the facts all the time, and has constantly felt the inconvenience which he says has resulted. This suit was begun in 1882. By statute, actions on the case must be brought within six years from the time when the right accrued. Comp. L. § 7148. The action for the original wrong was barred at least two years before this suit was instituted. The only ground, therefore, on which this action could be maintained at all, must be that the injury is a continuing injury, and an action arises upon it day by day. This might, perhaps, be a correct view to take of the plaintiff's case if it were unembarrassed by the consent he gave and upon which the defendant has acted. There is no wrong at all if that is valid; and to show that it is invalid it is necessary for plaintiff to go back eight years or more, and show the alleged fraud. He must, therefore, rely upon making out a wrong done to him more than eight years before suit was instituted, and for which any action, counting directly upon it, would have been barred. After such a lapse of time the evidence of facts is supposed to have become obscure and uncertain, and it is contrary to the policy of limitation laws that they should now be investigated for the purposes of a remedy which the party might have had at any time during the statutory period.

It may be said that, as the fraud is not counted upon but is only used by way of meeting a defense, the case is not

within the words of the statute.     But if this be conceded, it will not aid the plaintiff.     It is a familiar principle that a party seeking to set aside a transaction for fraud must move promptly.     *De Armand v. Phillips* Wal. Ch. 186; *Campau v. Van Dyke* 15 Mich. 371; *Wilbur v. Flood* 16 Mich. 40; *Craig v. Bradley* 26 Mich. 353; *Dunks v. Fuller* 32 Mich. 242; *Wright v. Peet* 36 Mich. 213.

A delay for a longer period than the time required to bar an action is far from being prompt; it is on the other hand very gross delay, and must be held to amount to an affirmance of his original action.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.