MARKER *v.* A. L. ZECKENDORF CO.

1. SALES—BREACH OF WARRANTY—EVIDENCE—SUFFICIENCY.
   In an action for the breach of a warranty in the sale of an automobile evidence *held,* to make a case for the jury.

2. SAME—TRIAL—INSTRUCTIONS.
   The charge of the court to the jury, *held,* to properly present the law of the case.

3. NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.
   The motion for a new trial on the ground that the verdict for plaintiff was against the great weight of the evidence, *held,* properly denied.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted January 31, 1924. (Docket No. 108.) Decided March 5, 1924.

Assumpsit by John M. Marker against A. L. Zeckendorf Company for breach of warranty in the sale of an automobile. Judgment for plaintiff. Defendant brings error. Affirmed.

*Raymond J. Kelly,* for appellant.

*Edmund M. Sloman,* for appellee.

MOORE, J. From a judgment in favor of the plaintiff in the sum of $1,788.02 the defendant has brought the case into this court by writ of error. In March, 1921, the plaintiff bought an automobile from the defendant. He turned in a car he owned at an agreed price of $550, and paid $1,038.62 in cash. It is his claim that the day following the delivery of the car to him he undertook to drive the new car to Pontiac; that he drove the car slowly in order to permit it to

work in without injury, not exceeding in speed 18 miles an hour; that on the return trip from Pontiac the motor commenced to miss fire badly and he found that three of the intake valves were not functioning properly; that he returned the car to the service department of the defendant the following day; that repairs were made and the car returned to the plaintiff; that the car did not function properly and that defects developed in many parts of the car. The car was returned to the defendant from time to time and trouble still continued.

It is his further claim that on July 2d, being advised that the car would be ready for him that afternoon, he went into defendant's repair shop and found his car up against the wall with a hose running in the radiator and a mechanic standing there with another hose playing on the cylinder case and cam shaft bearings. In reply to plaintiff's inquiry as to what was the matter with the cam shaft the mechanic replied:

"Oh, hell, I told them what was the matter with the cam shaft the first time I changed it. Those three holes in the cam shaft are not in line, and you can't keep bearings on the cam shaft."

It is further claimed that he went to Kenneth Bone, general assistant to Mr. Zeckendorf, the president of the company, and said to him:

"After the experience I have had with this car and after what I have just seen in the repair department, I have no faith to believe that this car is going to give me any kind of service. I tell you what I will do. You give me a check for one thousand dollars and I will give you a clean bill of sale for the car. You say the car is all right."

To which Mr. Bone replied "Nothing doing." Plaintiff then offered to take one of the defendant's demonstrators and "call it quits" but received the answer "Can't consider it." It is his claim that later

he tendered the car back and demanded his money. It is his further claim that as he could not make the car work and could make no settlement he brought this suit.

Complaint is made by the appellant that the court did not direct a verdict in favor of the defendant when the plaintiff rested his case.

As relating to this assignment of error it may be helpful to make a brief quotation from a letter dated July 7, 1921, sent by the defendant to the plaintiff. We quote:

"It may be of some information to you to learn that we have spent in service on your car somewhere in the neighborhood of $400 in an endeavor to make it a serviceable unit to you and according to your report this morning we have not yet located the trouble."

The record shows a clear case for the jury.

Complaint is made of the charge of the court. The judge charged the jury at very considerable length, apparently endeavoring to cover every phase of the case. He said to the jury among other things:

"The three essential elements that are necessary for the plaintiff to establish are:

"The making of the contract, as claimed in the plaintiff's declaration.

"And second, that there was a breach of this contract or warranty. Warranty is nothing more nor less than a contract, either express or implied.

"And third, that there was a rescission of this contract, made necessary by a breach of the implied or the general warranty therein.

"So that in order to justify a verdict at your hands in favor of the plaintiff, those three facts must be made to appear by the greater weight of the evidence in the case."

The jury was correctly charged as to the law of the case. It is contended the verdict is against the weight of the evidence, and for that reason a new trial should

226—Mich.—13.

have been granted. The trial judge was of the opinion that this claim is not well taken, and we fully agree with him.

We discover no reversible error, and the judgment is affirmed, with costs to the appellee.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.