ABRAM *v.* ARRIGHINI.

SALES—BREACH OF WARRANTY—RESCISSION—WAIVER.

Right to rescind for breach of warranty that cement mixer would work properly survived mutual efforts of seller and purchaser to repair defects, but was lost by delay and recognition of obligation to pay, and by payment after knowledge of breach.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted June 11, 1930. (Docket No. 89, Calendar No. 34,799.) Decided October 3, 1930.

Assumpsit by John D. Abram, doing business as Abram Cement Tool Company, against Artil Arrighini for the purchase price of a cement mixer. From judgment for plaintiff, defendant brings error. Affirmed.

*William J. Griffin* (*Brennan B. Gillespie,* of counsel), for plaintiff.

*Hoffman & Miller,* for defendant.

WIEST, C. J. Plaintiff sold defendant a cement mixer, manufactured by the Archer Iron Works of Chicago, and brought this suit to recover the balance of the purchase price. Defendant set up a warranty, breach thereof and rescission. The court below found right to rescind, if any, lost by user of the mixer, and entered judgment for plaintiff. Defendant reviews by writ of error, having saved, by proper procedure, right to have this court pass upon the findings of fact and conclusions of law.

Defendant claimed an express warranty that the mixer would work properly, and, if it did not, plaintiff would take it back and refund payments made. Plaintiff dealt in equipment for contractors, did not handle the mixer defendant wanted, but, at defendant's request, procured it for him and claimed that it was "sold on guarantee it will work properly and in accordance with recommendations made by the Archer Iron Works," of Chicago. This appears reasonable, but was in sharp conflict with defendant's version. The recommendations do not appear in the record. At defendant's request the mixer was

mounted upon an automobile chassis and delivered to defendant in February or March of 1925. Upon trial the mixer did not operate to defendant's satisfaction, and, with some cause for doing so, he complained to plaintiff. Parts of the mixer were sent to Chicago for repair and repairs were also made in Detroit.

Defendant claimed that he kept the mixer and endeavored to make it work properly at plaintiff's earnest request, but finally, in September, 1925, he dismantled the mixer from the chassis and notified plaintiff to take it and was willing to lose upward of $600 he had paid if the balance of the contract price was canceled. Plaintiff refused to accept the mixer.

Under defendant's version he had a right, at one time, to rescind. That right survived mutual efforts to repair defects, but called for prompt exercise after plaintiff refused further co-operation, and was lost by delay and recognition of obligation to pay, and by the payment of $400, after defendant was convinced that the mixer was no good. June 8, 1925, defendant paid $400 on the mixer. He was then aware of all the claimed defects, but says that plaintiff pressed payment and assured him that the money would be returned if the mixer did not work.

The circuit judge found there was no breach of warranty established, and "that if there was it was waived by defendant in continuing to use and operate the machine after he had learned of such breach." The evidence sustains the latter finding.

Defendant relies upon rescission, and makes no claim for damages for breach of warranty.

The judgment is affirmed, with costs to plaintiff.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.