HUGHES v. WM. F. V. NEUMANN & SONS.

1. SALES—RESCISSION—FRAUD—WAIVER.
   Purchaser of automobile who within week knew of seller's false representations in connection with sale thereof, but thereafter made payments and continued to use car for about 90 days, waived right to rescind on ground of fraud.

As to effect of use of automobile or truck as waiver of right to rescind contract or sale, see annotation in 34 A. L. R. 547.

2. SAME—REPRESENTATIONS OF PROMISSORY CHARACTER NOT BASIS
   OF FRAUD.
   > Promise by seller of automobile to give purchaser enough law
   > business to enable him to pay part of purchase price, being
   > promissory in character, may not be made basis of rescission
   > for fraud.

3. SAME—EQUITY—RESCISSION NOT WARRANTED IN ABSENCE OF
   OFFER TO DO EQUITY.
   > Where, in suit by purchaser for rescission of contract for pur-
   > chase of automobile on ground of fraud, plaintiff's bill does
   > not offer to place defendant *in statu quo*—does not offer to
   > do equity—plaintiff is not entitled to rescind.

Appeal from Wayne; Driscoll (George O.), J., presiding. Submitted January 7, 1931. (Docket No. 54, Calendar No. 35,325.) Decided February 27, 1931. Rehearing denied June 1, 1931.

Bill by Ben C. Hughes against William F. V. Neumann & Sons, a Michigan corporation, to rescind a contract for the purchase of an automobile. Decree for plaintiff. Defendant appeals. Reversed.

*Patrick H. O'Brien,* for plaintiff.

*David I. Hubar (Milton M. Maddin,* of counsel), for defendant.

POTTER, J. Plaintiff filed a bill to rescind a contract in writing for the purchase of a second-hand Pierce Arrow automobile, for defendant's alleged fraud and misrepresentation. The fraud charged is said to have consisted:

*a.* Of a representation by defendant that the car was a 1926 model when it was a 1925 model;

*b.* That defendant would not record the contract between the seller and plaintiff when in fact it was at once recorded; and

*c.* That defendant promised to give plaintiff law business sufficient so he could earn therefrom one-half the payments to become due on the contract of purchase of the automobile.

The claims of plaintiff are disputed by defendant. Apart from the dispute, it clearly appears plaintiff knew within a week after the contract was made it was recorded, and that the car which he received from defendant was a 1925 model instead of a 1926 model. He kept the car, used it in his business approximately 90 days and paid three payments thereon after this time, and thereby waived the right of rescission on the grounds of fraud, ratified the contract, and is estopped from asserting this fraud in this suit.

Plaintiff's claim he was to have a certain amount of law business from defendant to enable him to pay a part of the contract price is promissory in character and cannot be made the basis of fraud. Plaintiff's bill does not offer to place the defendant *in statu quo*—does not offer to do equity—notwithstanding he brings the bill for rescission. Under the circumstances, we think the plaintiff not entitled to rescind. The decree of the trial court is reversed, with costs, and the bill dismissed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.