SCHWARTZ SHOWELL CORP. *v.* BONFIGLIO.

1. SALES—WAIVER—ACCEPTANCE.
   Continued use by buyer of store fixtures with knowledge of defect constituted waiver of seller's default and amounts to acceptance of fixtures.

2. SAME—RESCISSION—OFFER TO RETURN.
   Buyer of store fixtures who neither returned nor offered to return them was properly held liable for purchase price notwithstanding his claim that said fixtures were defective and that contract of purchase had been rescinded.

3. JUDGES—DISQUALIFICATION.
   That plaintiff's attorney was indebted to trial judge, debt arising out of former partnership between them, *held,* not to disqualify judge, where neither debt nor partnership had any relation or bearing on issues involved in instant case.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted October 20, 1932. (Docket No. 156, Calendar No. 36,838.) Decided January 3, 1933.

Assumpsit by Schwartz Showell Corporation against John Bonfiglio for balance due for store fixtures. Recoupment by defendant for amount paid. Judgment for plaintiff. Defendant appeals. Affirmed.

*Raymond H. Dresser,* for plaintiff.

*J. Paul Wait,* for defendant.

BUTZEL, J. Upon receipt of a written order, Schwartz Showell Corporation, plaintiff, manufactured, and on March 5, 1931, installed, fixtures in

On use as waiver of right to rescind for breach of warranty or noncompliance with contract, see annotation in 36 L. R. A. (N. S.) 467.

the ice cream and confectionery store of John Bonfiglio of Sturgis, Michigan, defendant herein. The principal fixture consisted of a "back bar" or stand made in accordance with drawings and specifications prepared in writing by plaintiff and approved by defendant. Defendant paid a small amount on account, but later refused to pay the balance, claiming that the base of the fixture did not fit snugly against the old fixtures, and that there was a jog of about two inches between them.

There may be some question as to whether plaintiff is not at fault in this regard, although the fixtures were manufactured strictly in accordance with the order as given. Defendant, however, knew of the jog when the fixtures were installed, permitted the completion of the installation, has constantly and continuously used the fixtures since then, and has failed to return them. It is true that he did complain from time to time about the jog, especially when pressed for payment, but his continued use of the fixtures is a waiver of any default on the part of plaintiff and amounts to an acceptance of the fixtures.

Suit was begun against him, and he filed a notice of set-off and recoupment, and sought thereby to recover the amount paid upon the fixtures. At the trial he claimed that the contract was rescinded, notwithstanding the fact that he neither returned nor offered to return the fixtures. The trial judge properly rendered a judgment in favor of plaintiff for the balance due from defendant in accordance with the contract. *Foster* v. *Rowley,* 110 Mich. 63; *Hakes* v. *Thayer,* 165 Mich. 476; *John D. Gruber Co.* v. *Smith,* 195 Mich. 336; *Doukas* v. *Gregory,* 231 Mich. 631.

Defendant further claimed that the trial judge was disqualified from participation in the proceed-

ings by reason of a debt due him from plaintiff's attorney arising out of a partnership that existed prior to the judge's elevation to the bench. Inasmuch as neither the debt nor the former partnership had any relation or bearing upon the issues in the instant case, there is no merit whatsoever in the claim. *Jones* v. *Ford,* 154 Iowa, 549 (134 N. W. 569, 38 L. R. A. [N. S.] 777); *Montgomery* v. *Morton,* 143 Ky. 793 (137 S. W. 540).

Judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.