DON McCULLAGH, INC., *v.* DIMITROFF.

1. ASSUMPSIT—CHECKS—PRIMA FACIE CASE.

   Plaintiff, suing in action of assumpsit on a check, given in part
   payment for an automobile sold to him, made out a prima
   facie case by introducing the check into evidence.

2. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT FOR PLAIN-
   TIFF—EVIDENCE.

   On appeal from denial of plaintiff's motions for directed ver-
   dict and for judgment notwithstanding verdict for defendant,
   the testimony is viewed in the light most favorable to de-
   fendant.

3. SALES—RESCISSION—EVIDENCE.

   Rescission of purchase of automobile was not established by
   buyer where, although he offered to leave the car with the
   seller, the buyer did not demand return of the payments or
   of the check given in part payment of purchase price, but
   merely spoke of trading the car in on another.

4. SAME—RESCISSION—FRAUD—WAIVER.

   An offer to return car, purchased from plaintiff, together with
   notice of rescission, followed by use of the car for about a
   month waived any right the buyer may have had to rescind
   the purchase because of alleged fraud.

5. SAME—RESCISSION—WAIVER.

   A buyer of chattels who attempts to effect a rescission of the
   purchase and the seller does not accept it, must adhere there-

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial, § 386.
[2] 3 Am Jur, Appeal and Error, § 947; 53 Am Jur, Trial, § 349.
[3–6] 46 Am Jur, Sales, §§ 778, 780.
[4–6] Use of article by buyer as waiver of right to rescind for
      fraud, breach of warranty, or failure of goods to comply with
      contract. 77 ALR 1165.
[7] 3 Am Jur, Appeal and Error, § 1196 *et seq.*; 30 Am Jur, In-
    terest, § 46.

to and act consistently therewith, as a continued use of the
property effects a waiver or abandonment of the rescission.

6. SAME—RESCISSION—WAIVER—PART PAYMENT.
   Buyer who attempted rescission of purchase of automobile but,
   if he effected one, waived or abandoned such rights by con-
   tinued use of the car was liable as a matter of law for amount
   of check given in part payment for purchase price of the car.

7. APPEAL AND ERROR—ASSUMPSIT—REMAND—JUDGMENT—INTEREST.
   Upon reversal of judgment for defendant in action of assump-
   sit and remand for entry of judgment for plaintiff on check,
   judgment for amount of check plus 5 per cent. interest from
   date it was given is ordered.

Appeal from Ingham; Elliott (Philip), J., presid-
ing. Submitted April 6, 1950. (Docket No. 29,
Calendar No. 44,725.) Decided May 18, 1950.

Assumpsit by Don McCullagh, Inc., a Michigan
corporation, against Dan Dimitroff, on a check given
as part payment on purchase of an automobile.
Verdict and judgment for defendant. Plaintiff ap-
peals. Reversed and remanded for entry of judg-
ment for plaintiff.

*Pierce, Planck & Ramsey,* for plaintiff.

DETHMERS, J. Plaintiff brought suit on a check
for $900 made and given to it by defendant as part
payment of the $3,000 purchase price of a used auto-
mobile and made a prima facie case by introduction
of the check into evidence. Defendant claimed re-
scission based on alleged misrepresentation by
plaintiff's salesman concerning the mileage on the
automobile. Defendant purchased the automobile
from plaintiff on September 15, 1948. He testified
that on about September 28th he learned the facts
about the true mileage on the car; that shortly there-
after he talked to plaintiff's salesman about trading
it in on a new Buick; that defendant then told the

salesman to keep it or sell it or do whatever he wished with it, providing he would get defendant a new car; that the salesman replied that he could not get defendant a new Buick but could get him other makes for $300 or $400 more money; that the salesman refused to allow the car to be left at plaintiff's place of business; that some 3 weeks after its purchase defendant talked to the salesman for the last time about trading the car in on a new one. He did not leave the automobile with plaintiff but continued to drive it until after October 26th for more than 900 miles. Defendant alleged that on October 5, 1948, he sent plaintiff a letter rescinding the purchase agreement. Defendant testified that he kept the car from 6 weeks to 2 months and then turned it over to a finance company, which took possession because of defendant's failure to make payments due it on the car.

On trial plaintiff moved for a directed verdict and, after a jury verdict for defendant, for a judgment *non obstante veredicto,* which were denied. Plaintiff appeals.

Viewed in the light most favorable to the defendant the testimony does not establish rescission. When he offered to leave the car with plaintiff he did not demand return of payments or of the check, but spoke merely of trading the car in on another. This did not constitute clear and unambiguous notice to plaintiff of intention to rescind. Under such circumstances he would not be deemed to have rescinded. 46 Am Jur, Sales, § 763.

If defendant's words, actions, or letter might, under any circumstances, be held to have amounted to notice of or an attempt at rescission, his subsequent action constituted a waiver thereof. Not only did he fail to return the automobile to plaintiff, but continued to use it thereafter for a number of weeks.

"After an attempted rescission by the buyer of chattels, which the seller has not accepted, the buyer, if he intends to rely upon it, must adhere thereto and act consistently therewith, and if he thereafter continues to use the property as his own, he may be held to have waived or abandoned the rescission, and may be precluded from rescinding or asserting a claim that he has rescinded."  77 ALR 1178, note.

In the same vein, this Court in *Foster* v. *Rowley,* 110 Mich 63, said:

"It was the duty of defendant, as soon as he learned of the misstatements, to rescind the contract; and notice of such rescission must have been promptly given, *and adhered to,* in order to bind the parties thereto.  The continued use of the property for some 30 days after he had learned the facts would be a waiver of the right of rescission, even though notice of such rescission had been given.  *Hubbardston Lumber Co.* v. *Bates,* 31 Mich 158; *Dunks* v. *Fuller,* 32 Mich 242; *Campau* v. *Lafferty,* 50 Mich 114; *Craig* v. *Bradley,* 26 Mich 353; *Gridley* v. *Globe Tobacco Co.,* 71 Mich 528; *Beal* v. *Congdon,* 75 Mich 77; *Dailey* v. *King,* 79 Mich 568.  While the court left the question of rescission to the jury, we think, under the defendant's own testimony, the court should have instructed them to find a verdict for the plaintiff. We think defendant's continued use of the property for 30 days after he learned of the alleged fraud amounted to a waiver of any intent to rescind the contract.  *Marthinson* v. *North British & Mercantile Ins. Co.,* 64 Mich 372, 384; *Cobbs* v. *Fire Association of Philadelphia,* 68 Mich 465; *Peninsular Stove Co.* v. *Osmun,* 73 Mich 570."

To the same effect, see *Hakes* v. *Thayer,* 165 Mich 476; *Linderman Machine Co.* v. *Shaw-Walker Co.,* 187 Mich 28; *Hughes* v. *Wm. F. V. Neumann & Sons,* 253 Mich 386.  Plaintiff's motions, as above noted, should have been granted.

Judgment for defendant is reversed and the cause remanded for entry of judgment for plaintiff *non obstante veredicto* in the amount of $900, plus interest thereon at the rate of 5 per cent. per annum from and after September 15, 1948. Costs of both courts to plaintiff.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.