MacLAREN v. DERMODY WHITE TRUCK COMPANY.
SAME v. WHITE MOTOR COMPANY.

1. SALES—RESCISSION—NOTIFICATION.

A buyer to whom goods have been delivered cannot rescind the sale if he fails to notify the seller within a reasonable time of his election to rescind (CL 1948, § 440.69[3]).

2. SAME—REASONABLE USE—WAIVER OF RIGHT TO RESCIND.

Reasonable use by buyer of chattel which is induced by seller, or which occurs while latter is endeavoring to make repairs to the chattel or remedy defects in it, will not constitute a waiver of the right to rescission.

3. SAME—RESCISSION—UNREASONABLE DELAY.

Buyer's delay of about 2 months after last repair was made to a truck by seller before buyer attempted to rescind *held,* to be unreasonable delay as a matter of law, where buyer did not present evidence of further attempt by buyer to have seller remedy defects after last repair, seller denied that buyer complained during the time, and buyer claimed but seller denied that buyer told seller he could not make next payment because he had been unable to use the truck to earn money.

4. SAME—RESCISSION—CONSISTENT CONDUCT.

Conduct of a buyer of a chattel who wishes to rescind a sale must be consistent with rescission, and making a payment is indicative of intent to continue possession.

Appeal from Kent; Vander Wal (John H.), J.
Submitted Division 3 October 3, 1967, at Grand

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  46 Am Jur, Sales § 763.
[2]  46 Am Jur, Sales § 765.
[3]  46 Am Jur, Sales § 764.

Rapids.   (Docket No. 2,773.)   Decided March 18, 1968.

Action by Russell A. MacLaren and Lorraine E. MacLaren against Dermody White Truck Company, a Michigan corporation, and White Motor Company, an Ohio corporation, to rescind the sale of a White motor truck by defendants for an alleged breach of express and implied warranties.   Directed verdict and judgment for defendants.   Plaintiffs appeal. Affirmed.

*Miller, Johnson, Snell & Cummiskey (Norman E. Jabin,* of counsel), for plaintiff.

*Vander Veen, Freihoffer & Cook (Bruce A. Barnhart,* of counsel); for defendant Dermody White Truck Company.

*McShane, Bovice & Anderson (Michael Jacobson,* of counsel), for defendant White Motor Company.

Fitzgerald, P. J.   Plaintiffs-appellants are before this Court on appeal from a directed verdict in favor of defendants-appellees by the Kent county circuit court.   The original action was brought by plaintiffs under the uniform sales act on April 7, 1964, to rescind a sale to them of a White motor truck by defendants for an alleged breach of express and implied warranties.   We have culled the following facts from the 3 different interpretations offered by the parties to this suit as reflective of the essential problems.   Hereinafter, the term "plaintiff" will refer to Russell MacLaren and his actions.

Plaintiff and his mother, Lorraine MacLaren, purchased a 1963 White Motor Company truck from Dermody on March 15, 1963, paying $3,500 as a

down payment on the total price of $17,702 and securing the balance by chattel mortgage with payments of $489.97 for 36 months thereafter. The truck was plaintiff's sole source of income while he possessed it and it was used to haul loads over long distances on a brokerage basis for other companies. The evidence showed that the truck was repaired to correct the following defects:

1. Broken tachometer on 3 occasions
2. Clutch problem
3. Steering gear box problem
4. Automatic shutter failure
5. Defective heater
6. Brake problems
7. Transmission problem
8. Steering problem

All bills were paid by Dermody White Truck Company until May 14, 1963, and the total cost was $223.84. During this time, plaintiff continued to drive the truck when it wasn't being repaired, accumulating a total of 7,268 miles. After May 14, there were no further repairs to the truck according to the evidence produced at the trial, although plaintiff testified that he had further problems with the clutch and the road ranger cable which required on-the-road improvisations by plaintiff. There was no evidence of further breakdown time. The May payment was made, but there was no payment forthcoming for the month of June and the truck was then repossessed on July 1, 1963. From May 14 to July 1, plaintiff drove an additional 9,000 miles and the vehicle had accumulated 16,000 miles in the 3½ months that it was in plaintiff's possession. Plaintiffs then gave notice of rescission of the sale to defendants on July 18, 1963, and brought suit on April 7, 1964, to rescind the sale as stated above. The trial court granted a directed verdict for de-

fendants on the basis that plaintiffs failed to rescind the contract in a reasonable time and that their conduct was inconsistent with such a remedy.

Thus, we are presented with 2 issues on appeal:

(1) Should the jury instead of the trial court determine whether the plaintiffs' notice of rescission was given within a reasonable time as required by CL 1948, § 440.69(3) (Stat Ann § 19.309[3])?

(2) Were the actions of plaintiffs inconsistent with remedy of rescission as a matter of law?

In order that we evaluate the correctness of the use of the directed verdict, it must be shown by appellees that there was insufficient evidence offered by appellants to support their allegation that they gave notice to rescind within a reasonable time. The relevant statute is CL 1948, § 440.69(3) (Stat Ann § 19.309[3]), this section providing as follows:.

"Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, *or if he fails to notify the seller within a reasonable time of election to rescind.*" (Emphasis supplied.)

The trial court made the decision that plaintiffs clearly did not notify the seller within a reasonable time of their intention to rescind, after considering the evidence in the most favorable light to plaintiffs, against whom the directed verdict was sought. *Don McCullagh, Inc.,* v. *Dimitroff* (1950), 327 Mich 656; *Doyle* v. *Mizner* (1879), 40 Mich 160.

All parties to this appeal agree with the trial court that what is a "reasonable time" differs according to the circumstances of the particular case. We refer to 46 Am Jur, Sales, § 764, wherein it is stated:

"Under this and other similar statutes and at common law it is a well-settled rule that a buyer

who has a right to rescind for breach of warranty must act promptly, that is, within a reasonable time under all the circumstances, after he has knowledge or is chargeable with knowledge of the breach of warranty; by an unreasonable delay the buyer is deemed to have affirmed the sale, and loses his right to rescind."

There is no issue concerning the existence of express or implied warranties facing this Court, as the initial effort to rescind was summarily barred by the directed verdict with the court assuming that certain implied warranties exist in the sale of all manufactured goods.

Thus, we look to plaintiffs' conduct to determine whether there was any evidence of action within a reasonable time so that the jury would be required to evaluate reasonableness as a question of fact. See 46 Am Jur, Sales at p 895, *supra; Dulany-Vernay Co.* v. *Kalamazoo Stationery Co.* (1921), 213 Mich 484.

It is apparent that plaintiff had continual problems with the truck from March to May 14, as evidenced by testimony and repair bills. Plaintiff refers to 46 Am Jur, Sales, § 765, p 897:

"Reasonable use by the buyer of a chattel which is induced by the seller, or which occurs while the latter is endeavoring to make repairs to the property or remedy defects therein, will not constitute a waiver of the right to rescission."

However, the evidence does not so clearly define the actions of plaintiff and Dermody from May 14 to July 1 where no repairs were made. Plaintiff continued to drive the truck and it was repossessed, plaintiff now testifying that he told Dermody that he could not make the June payment because he could not earn money while the truck was in Dermody's shop during May. Dermody denies any such

conversation and asserts that there were no complaints and that no work was done on the truck after May 14. If it can be determined that plaintiff did drive the truck for a month and a half after the last repair, we can compute the actual time to be that plus the 18 days in July and agree with the trial court that 2 months' delay is clearly unreasonable. If this is so, then the cases cited by plaintiffs, which leave to a jury the determination of the reasonableness of the rescission where the problem with the vehicle clearly continued to exist at the date of the rescission, are not applicable. *Ford Motor Co.* v. *Cullum* (CA 5, 1938), 96 F2d 1, certiorari denied 305 US 627 (59 S Ct 89, 83 L ed 401); *Marker* v. *A. L. Zeckendorf Co.* (1924), 226 Mich 191.

Plaintiffs state in their brief that they "were struggling to have the defendants put the vehicle in satisfactory condition." We do not find any evidence that plaintiffs were undergoing any struggle to remedy defects after May 14, and we agree with the trial court that the conversation between Dermody and plaintiff regarding further repairs, which plaintiff alleges occurred after May 14, was not enough evidence to raise any doubt as to unreasonable delay in attempting to rescind the sale. In further examination of the opinion of the trial court, we find that the court decides the period of July 1 to July 18 to be an unreasonable delay and that this conclusion was properly arrived at by examining plaintiffs' relations with Dermody after May 14.

The second issue to be resolved is whether plaintiffs acted inconsistently with the remedy of rescission. In its opinion, the trial court has placed great reliance on the holding in the case of *Don McCullagh, Inc.*, v. *Dimitroff, supra.* The defendant in that case continued to use a car purchased from plaintiff for 30 days after discovering that the mileage on

the car was misrepresented to him. The Supreme Court held, in directing the trial court to enter judgment *non obstante veredicto* for plaintiff, that defendant acted inconsistently with his remedy of rescission and waived his right to so rescind since he did make an ineffectual effort to return the car, but continued to drive it for 30 days. In attempting to distinguish the present case, plaintiffs contend that since they gave no notice to rescind and expressed no desire to rescind at any time the vehicle was in their possession, that the *McCullagh Case* should not apply. However, the uniform sales act, CL 1948, § 440.69(1d) (Stat Ann 1959 Rev § 19.309 [1d]) requires that the buyer return or offer to return the goods in order to effectuate rescission. We do not find such a voluntary attempt to surrender the goods in the present case. Also see *Schwartz Showell Corp.* v. *Bonfiglio* (1933), 261 Mich 407, where the Supreme Court stated:

"It is true that he [defendant] did complain from time to time about the jog, especially when pressed for payment, but his continued use * * * is a waiver of any default on the part of plaintiff and amounts to an acceptance."

In addition, the evidence shows that plaintiffs made a payment on the truck in May, which is indicative of their intent to continue possession of the truck. *Abram* v. *Arrighini* (1930), 251 Mich 509. The trial court properly said in the present case, "Your conduct must be consistent with your rescission, which means in this particular case you can't have your cake and eat it too."

We hold that the trial court acted correctly in directing a verdict for defendants by finding that plaintiffs clearly did not give notice to defendants to rescind this sale within a reasonable time. The evidence that plaintiff drove the truck over 9,000

miles after the last repair work was properly held to show that plaintiffs desired to continue possession at the time of the repossession of the truck. Such an intent is inconsistent with the remedy of rescission.

Affirmed.   Costs to appellees.

Burns and Holbrook, JJ., concurred.